Merrimack, }
June, 1895. }

SEARLE *v.* PARKE *& a.*

A master is not liable for thefts committed by his servants unless such acts were within the scope of their employment, were ratified by him, or were the natural and probable consequences immediately and directly resulting from unlawful acts done by his direction.

TRESPASS, *de bonis,* with a count in trover, for taking and carrying away and for the conversion of a diamond ring. Facts found by the court. The defendants were engaged in decorating the Statesman building, and employed B. and S., two irresponsible strangers, to assist them. June 20, 1894, it became convenient in the prosecution of the work to enter, in his absence, the plaintiff's room in the building, to the exclusive possession of which he was entitled, and the door of which was locked. B., by direction of the defendants, entered the room through the window, and admitted S. by the door. They remained there an hour or so, during which time one or both of them stole the ring. Neither of the defendants entered or went near the room. The plaintiff moved for leave to amend by filing counts in trespass *quare clausum* and in case.

*Sargent & Hollis*, for the plaintiff.

*Albin & Martin*, for the defendants.

CARPENTER, J. On the facts stated, the defendants are not liable for the larceny of the ring in any form of action. To en-

title the plaintiff to recover in trespass *de bonis* or trover, it must be shown that' the' defendants personally, or by their servants acting within the scope of their employment, participated in the taking and conversion; or that it was taken for their benefit and that they ratified the taking. 2 Gr. Ev., *s.* 631; *Wilson* v. *Tumman*, 6 M. & G. 236, 242, 243; *Lewis* v. *Read*, 13 M. & W. 834. It is not claimed that the defendants took part in or ratified the trespass, and there is as little ground to claim that they are liable in their character as masters. Theft was not the business for which B. and S. were engaged, nor was it within the scope of their employment. The mere fact that the wrongdoers were their servants is not sufficient to make the defendants answerable for the wrong. *Wilson* v. *Peverly*, 2 N. H. 548; *Arthur* v. *Balch*, 23 N. H. 157; *Andrews* v. *Green*, 62 N. H. 436.

The plaintiff could not recover in case against the defendants for negligently employing thieves as servants, because negligence is not found.

In trespass *quare clausum*, the defendants would be liable in nominal damages, at least, for the breaking and entering which they directed. They would also be responsible for any damage directly caused by the act of breaking and entering, and for any consequential injury that naturally and reasonably could be expected to result therefrom. For consequences neither natural nor probable they would not be answerable. *Gilman* v. *Noyes*, 57 N. H. 627; Poll. Torts 31–37; Cool. Torts 68–77.

The larceny was not the immediate or direct result of the unlawful act which the defendants directed. Whether it was the natural or probable consequence of the act,— a consequence that the defendants reasonably ought to have anticipated,— is a question of fact. *Gilman* v. *Noyes, supra*. That it was such a consequence is not, and, on the evidence reported, could not properly be found.

*Judgment for the defendants.*

BLODGETT, J., did not sit: the others concurred.