Hillsborough, ⎱
May 28, 1901. ⎰

### ELA *v.* POSTAL TELEGRAPH CABLE CO.

Where there is sufficient competent evidence to warrant its submission, the question whether the defendant's negligence was the proximate cause of the plaintiff's injury is one of fact to be determined by the jury.

The fact that telegraph wires negligently maintained along a highway became displaced through the unintentional act of a third person does not as matter of law exonerate the owner from liability to a traveler injured thereby, if the evidence warrants a finding that such intervening act ought reasonably to have been anticipated.

CASE, for negligence. Trial by jury. Transferred from the January term, 1900, of the supreme court by *Peaslee*, J.

The defendants maintained a line of telegraph poles carrying four wires, along a highway in Hooksett running through a large tract of woodland. The growth on each side extended to the wrought portion of the highway and was of sufficient size to be cut into logs and cord wood. At the place where the plaintiff was injured there was a curve in the highway, and the poles were set on the easterly side of the highway, along the outside of the curve. Two of the wires were strung on the inside of the poles, and so were likely to fall into the highway if detached. There was evidence tending to prove that the defendants were negligent in constructing the line in this way; that the poles should have been set on the opposite side of the highway, being the inside of the curve, or the wires should have been strung on the outside of the poles. There was also evidence of negligence in not using the most approved brackets to support the wires, and in not providing guards to catch the wires if detached.

On the day of the accident and for several weeks before, one Lynch — a person acting independently of the defendants — was

engaged in clearing the wood lot. A tree, cut by him on the westerly side of the highway, fell across it, and soon afterward the defendants' wires were found to be detached from the poles and in the highway. Lynch testified that he put a brace against the easterly side of the tree to prevent it from falling into the highway; that the wind blew from the west and pressed the tree against the brace so as to break it and cause the tree to fall in that direction; that the brace was a suitable one; and that no other tree fell into the highway. The plaintiff, while driving along the highway, came in contact with the wires and was injured.

The jury were instructed, subject to the plaintiff's exception, as follows: "In the first instance, you will determine what was the cause of the wires being in the highway. Were they there because of the fault of the defendants in the construction of the line, or was their presence caused by the act of Lynch in felling the tree? If the act of Lynch was the cause, you will have no occasion to consider any other question, and your verdict will be for the defendants. You will be asked for a special finding upon this question: Were the acts of Lynch the cause of the presence of the wires in the road? If the acts of Lynch caused the tree to fall into and across the road, so that the branches struck the suspended wires and detached them, and for that reason they fell across the highway, you will answer the question, Yes. If but for the felling of the tree in this manner the wires would have remained in position, the law regards the acts of Lynch as the cause of the trouble. If you answer this question in the affirmative, you will also return a general verdict for the defendants. But if you answer it in the negative, you will come to the other questions — those of the care of the two parties."

The plaintiff requested the following additional instruction: " If you find the wires brushed or hit by the falling tree would not have been knocked off if they had been secured with reasonable care, the plaintiff may recover." It was given with the following limitation, which was added subject to the plaintiff's exception: " But due care did not require that the defendants should anticipate and provide against the cutting and felling of trees by Lynch."

The jury answered " Yes " to the special question, and returned a general verdict for the defendants.

*Burnham, Brown & Warren* and *Charles H. Burns*, for the plaintiff.

*Taggart & Bingham*, for the defendants.

CHASE, J.   The evidence tended to prove that the defendants were guilty of negligence in stringing wires on the inside of poles placed on the outside of the curve in the highway at the place of the accident, and in using improper brackets to support the wires and not providing guards to catch them if detached.   In consequence of this faulty construction, the wires, if for any cause detached, would naturally fall into the highway and endanger the safety of travelers therein.   The negligence would not end with the construction of the line, but would continue so long as the wires were allowed to remain strung in that manner.   It was liable to produce evil results at any moment.   If the plaintiff's injury was due solely or proximately to such negligence, or if it was caused by such negligence combined with a wrongful act of Lynch, the defendants are liable.

As the case was presented to the jury, much stress was placed upon Lynch's act in felling the tree.   They were required to find specially whether this act was the cause of the presence of the wires in the highway, and were instructed that if they found it was, their general verdict should be for the defendants.   They were told that "if but for the felling of the tree the wires would have remained in position, the law regards the acts of Lynch as the cause of the trouble"; and that "due care did not require that the defendants should anticipate and provide against the cutting and felling of trees by Lynch."   It seems to have been taken for granted that the question of proximate cause is a question of law.   This assumption was erroneous.

In this state it is well settled that the question of remote and proximate cause is a question of fact to be determined by the jury. *Gilman* v. *Noyes*, 57 N. H. 627 ; *Boothby* v. *Railway*, 66 N. H. 342 ; *Searle* v. *Parke*, 68 N. H. 311, 312 ; *Deschenes* v. *Railroad*, 69 N. H. 285, 289 ; *McGill* v. *Granite Co.*, 70 N. H. 125, 129. There was sufficient competent evidence bearing on the question to warrant its submission to the jury in this case.   Besides the evidence of the faulty construction of the line of wires, and its natural tendency to cause injury to travelers upon the highway, it appeared that the poles and wires were located near trees of the woodland through which the highway passed, and that the trees were of suitable size to be manufactured into wood and lumber.   The presence of such trees so near the wires evidently increased the chances of their dislodgment.   The trees might be forced against the wires by winds or other natural causes ; or if cut, might fall against them.   The defendants were chargeable with an apprehension of all contingencies in respect to a displacement of the wires which persons of average prudence would foresee under the circumstances.   If they reasonably ought to have

foreseen that the trees near the wires would probably be cut down, and in being cut might fall against and dislodge the wires, although felled with reasonable care, it was the defendants' duty to construct and maintain the line in a form that would avoid injury to travelers in case the wires were dislodged in that manner. So, in determining whether the presence of the wires in the highway was due to negligence on the part of the defendants, although Lynch's act was the immediate cause of their displacement, it is necessary to determine whether the defendants reasonably ought to have anticipated that an intervening act of that character might transpire. The latter question is involved in the question of negligence, and the whole is a question of fact to be determined by the jury. *Searle* v. *Parke*, 68 N. H. 311, 312.

The fact that Lynch's act caused the wires to be in the highway falls far short of exonerating the defendants from liability, under the circumstances of the case. *Cowles* v. *Kidder*, 24 N. H. 364, 383 ; *Hooksett* v. *Company*, 44 N. H. 105. If he had felled the tree against the wires with the intention of forcing them into the highway, his act might be the proximate cause of the plaintiff's injury. The faulty construction of the line would facilitate the execution of his wrongful purpose, but it could not reasonably be said to be the cause of the wires being in the highway. The defendants would have no reason to expect such an act would be done, and consequently would owe no duty to a traveler in respect to it. But the evidence in this case, instead of showing an act of that character, tended to show that Lynch, while engaged in a lawful act, exercised due care to prevent the tree from falling against the wires. To exonerate the defendants from liability in view of this evidence, it was necessary that the jury should find, in addition to the special finding, that the defendants reasonably ought not to have foreseen an act of this general character. This matter was not presented to the jury in connection with the special question submitted to them, and was expressly withdrawn from their consideration by the limitation that "due care did not require that the defendants should anticipate and provide against the cutting and felling of trees by Lynch."

*Exceptions sustained : verdict set aside.*

All concurred.