Carroll,
Dec. 2, 1952. } No. 4134.

ALBERT G. BOOTHBY

*v.*

JOSEPH S. PRESCOTT.

*Paul E. Nourie,* for the plaintiff, furnished no brief.

*Cooper, Hall & Cooper* and *Paul Creteau,* for the defendant, furnished no brief.

LAMPRON, J. The relation between plaintiff and the operator of his automobile at the time of the accident being that of bailor and bailee only, the latter's negligence would not be imputed to the plaintiff. *Cain* v. *Wickens,* 81 N. H. 99, 100; *Wilkins* v. *Page,* 91 N. H. 409. The only issue presented by this appeal therefore is whether in spite of the verdict for the defendant it should be ruled

as a matter of law that he was negligent with a resulting verdict for the plaintiff. Verdicts are rarely directed in favor of the party having the burden of proof. A plaintiff is entitled to such a verdict only when his case is established by the sole reasonable inference from undisputed facts. *Ali* v. *Gingras,* 97 N. H. 289, 290. Such is not the situation here.

It was within the province of the trier of facts to arrive at the following conclusions from the evidence. The defendant, who was approaching the intersection from the right of the operator of plaintiff's car, brought his motor vehicle nearly to a stop before entering the intersection. He looked to his right and also to his left from which direction plaintiff's automobile was coming. His visibility in the latter direction was limited to a distance of about 225 feet because of a hill at that point. It was night and the headlights on both cars were on. When defendant did not see anyone coming from his left, he shifted his car into second and started across. After traveling 30 or 40 feet, the very next thing he saw was a flash across his headlights followed by the crash. The right front bumperette of his car came in contact with the right rear fender of plaintiff's car when defendant's car was a little over the center line of the highway.

It could also be found that the operator of plaintff's car did not see the defendant until the former was under a blinker light at the intersection and that plaintiff's car traveled about 50 to 60 feet after the accident and came to a stop heading in the opposite direction whence it came.

On that evidence we are of the opinion that the Trial Court could properly arrive at a verdict for the defendant and we cannot say that the plaintiff was entitled to a verdict as a matter of law. *Ali* v. *Gingras, supra;* see *Bissonnette* v. *Cheverette,* 87 N. H. 211; *Copadis* v. *Haymond,* 94 N. H. 103, 105.

*Exceptions overruled.*

All concurred.