Merrimack,
No. 5736.

RAYMOND H. SPRAGUE & a.

v.

PETER S. BARTLETT.

Argued May 7, 1968.
Decided July 17, 1968.

*Sulloway, Hollis, Godfrey & Soden* and *John B. Pendleton* ( *Mr. Pendleton* orally ), for the plaintiff Rosemary Sprague.

*Upton, Sanders & Upton* and *Ernest T. Smith III* ( *Mr. Smith* orally ), for the defendant.

DUNCAN, J. On May 2, 1964, Raymond H. Sprague II, of Hillsboro, and Peter S. Bartlett of Concord were both engaged in taking college board examinations in Concord. Following a lunch hour recess, Sprague was travelling westerly on Pleasant Street intending to go to St. Paul's School, where his examinations were to resume. At the same time Bartlett was travelling easterly on Pleasant Street, intending to make a left-hand turn into North Fruit Street, which runs northerly behind Concord High School where his examinations were being given. Sprague was travelling alone in his mother's 1961 Renault, while Bartlett, also travelling alone, was operating a Mercedes. The two vehicles collided as Bartlett undertook to make a left-hand turn into North Fruit Street across the northerly lane of Pleasant Street, the right front of the Renault striking the left rear side of the Mercedes.

Sprague's mother, the plaintiff Rosemary Sprague, as bailor of the Renault, seeks to recover $525, the undisputed amount of the damages suffered by her. By agreement, the named plaintiff Raymond Sprague was stricken as a party plaintiff.

Trial was by the Court (*Dunfey,* J.), and a verdict was returned for the defendant. The Court made findings and rulings in writing, and expressly ruled that "the plaintiff's contributory negligence caused the accident." The plaintiff thereafter moved for judgment notwithstanding the verdict, which was granted subject to the defendant's exception. Reserved and transferred upon the defendant's exceptions to the granting of the plaintiff's motion, to the denial of certain requests for findings and rulings, and to certain findings made by the Trial Court.

The intersection where the collision occurred is formed by the junction of Pleasant and Fruit Streets. Proceeding easterly, Pleasant Street meets Fruit Street at approximately a right angle. Fruit Street north of Pleasant, (North Fruit Street), is one way going north. East of the intersection, Pleasant Street veers somewhat to the southeast, while Warren Street leaves the intersection in a northeasterly direction. In other words, as Pleasant and Warren Streets proceed westerly, they merge into Pleasant Street at the intersection. At the time of this collision, there were no traffic lights to control traffic at the intersection.

The Trial Court made the following findings concerning the circumstances leading to the collision:

"The defendant's vehicle was just westerly of a crosswalk which was situate westerly of the intersection and the entrance to North Fruit Street when he first looked easterly before entering the intersection with the intention of turning left on to North Fruit Street. The defendant did not observe any traffic coming easterly on Pleasant Street toward the intersection at that time. There were no obstructions blocking the view of the defendant as he looked easterly across the intersection down Pleasant Street. The defendant started to make his turn into North Fruit Street and had traveled about thirty feet from the point he had last looked easterly to the intersection. The defendant had started to negotiate his left turn into North Fruit Street and was about five feet across the center line when he first observed the plaintiff's vehicle coming easterly on Pleasant Street some one hundred seventy-five to two hundred feet away. The defendant was travelling fifteen miles per hour up to the time of his turn,

and reduced his speed to somewhere between ten to fifteen miles an hour while negotiating the turn. After seeing the plaintiff's vehicle some one hundred seventy-five to two hundred feet away, the defendant continued to make his turn without applying his brakes up to the point of impact.

"The plaintiff's vehicle was at the crest of the hill on Pleasant Street approximately two hundred feet away from the defendant's vehicle and one hundred sixty feet away from the point of impact when he observed the defendant starting to make a turn into North Fruit Street. The plaintiff was traveling at the rate of approximately thirty-five miles an hour as he approached and entered the intersection. The right front portion of the plaintiff's vehicle collided with the right rear door of the defendant's vehicle at the point of impact. The plaintiff applied his brakes when he saw the defendant's vehicle in front of him, at which time his car skidded. The plaintiff's brake marks started at approximately the entrance to the intersection and were visible for a distance of approximately fifty-one feet on the left side up to the point of impact. The impact occurred on the northerly side of Pleasant Street just a short distance from the crosswalk at the point the defendant was making his left turn into said North Fruit Street."

The Court also found, in response to requests by the defendant, that "Peter S. Bartlett had entered the intersection and was in the process of making a left hand turn into North Fruit Street prior to the time that Raymond Sprague II reached the intersection"; and ruled that as "a matter of law Bartlett had the right of way having first entered the intersection and . . . Sprague failed to yield the right of way as required by . . . RSA 262:A:27, I."

The Court denied a request for a finding that " . . . Bartlett at all times operated his automobile in a reasonable and prudent manner and was free from negligence in the operation of the same." A further request for a ruling that Bartlett was entitled to a nonsuit was neither expressly granted nor denied, but as previously stated, the Court ruled that "the plaintiff's contributory negligence caused the accident," and returned a verdict for the defendant.

It is obvious that the Trial Court was in error when it ruled that the plaintiff was contributorily negligent, because the plaintiff was a bailor, not present when the accident occurred, and

there was no evidence that her son was acting in her behalf or as her agent in the operation of her car. The error was corrected, however, by the granting of the plaintiff's motion for judgment. We are of the opinion that the final order, for judgment for the plaintiff in the sum of $525, should be sustained.

The law is well settled in this jurisdiction that the negligence of a bailee is not imputable to the bailor. *Lynch* v. *Bissell,* 99 N. H. 473, 478; *Boothby* v. *Prescott,* 97 N. H. 504. Thus, if the negligence of the defendant Bartlett caused or contributed to cause the accident, the plaintiff bailor was entitled to recover, regardless of any negligence on the part of her bailee, Raymond H. Sprague II.

We think it evident from the findings of the Trial Court, that the Court considered that the negligence of the defendant Bartlett was a cause of the accident. Such a finding was implicit in the ruling that the "plaintiff's contributory negligence caused the accident." While it must be recognized that in making this ruling the Court overlooked the fact that the plaintiff was the bailor, and not the operator of the Sprague automobile, the reference to "contributory negligence" would not have been made unless the Court had found that the defendant Bartlett was also negligent. That this finding was impliedly made is supported by the Court's denial of the defendant's request for a finding that "Peter S. Bartlett at all times . . . was free from negligence" and by the Court's failure to grant the defendant's request for a nonsuit upon the ground that the defendant was not negligent. Since the defendant was found negligent, judgment was properly ordered for the plaintiff bailor.

Since the bailment permitted recovery by Rosemary Sprague if both drivers were negligent it follows that the negligence of Raymond Sprague is no longer material to the sustaining of the plaintiff's verdict if the Trial Court could and did properly find that the defendant Bartlett was also negligent. *Lynch* v. *Bissell, supra.* We therefore have not considered exceptions of the defendant bearing upon the negligence of Raymond Sprague II since while the Court's findings imply a finding that Raymond Sprague II was negligent the verdict turns on the negligence of Bartlett.

The defendant further argues that he could not properly have been found negligent, because the Trial Court granted his request for a finding that he had the right of way under RSA

262-A:27 I and that Sprague failed to yield the right of way as thereby required; and because there was no evidence that Bartlett was negligent after he had obtained the right of way. The provisions of section 27, *supra*, relate to the right of way when vehicles enter an intersection from "different" highways. The conduct of the operators involved in this collision was governed by the provisions of section 28 of the statute, which provides that a driver "intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." RSA 262-A:28. See also, RSA 262-A:42 I; *Belanger* v. *Berube*, 88 N. H. 191. It does not appear that the Trial Court considered section 28, *supra*, which it might have found did not give the defendant the right of way because the vehicle approaching from the opposite direction was "so close as to constitute an immediate hazard." RSA 262-A:28. But although the Court ruled under section 27 I, *supra*, that Bartlett had the right of way, it also found that Bartlett was at fault in other respects. Such a finding was warranted by the evidence from which it could be found that Bartlett failed to keep a proper lookout and to signal his intention to turn as required by RSA 262-A:42 I and II, and by his testimony that having commenced his turn, the only way that he could possibly have avoided the accident was by accelerating and that he failed to take such action.

The ruling of the Trial Court that Bartlett had the right of way was more favorable to the defendant than he was entitled to have, and he may not rely upon it here as a ground for new trial. Despite this ruling, the Trial Court found him at fault, and this finding is sustainable upon the record. Since no error is demonstrated in the order granting the motion for judgment notwithstanding the verdict originally entered for the defendant, the order in this court is

*Exceptions overruled.*

All concurred.