Belknap,
No. 6158.

JANE HEATH

*v.*

ROBERT E. JOYCE, JR.

October 5, 1971.

*Ramsay and Norberg;* and *Normandin, Cheney and O'Neil,* and *David O. Huot* ( *Mr. Huot* orally ) for the plaintiff.

*Nighswander, Lord, Martin and KillKelley* ( *Mr. David J. KillKelley* orally ) for the defendant.

GRIMES, J. The main issue in this case is whether there was sufficient evidence upon which to submit to the jury the issue of whether plaintiff's husband in the operation of his own automobile in which she was a passenger was acting as her agent so that his fault would bar her recovery from the defendant.

The accident which gave rise to this and other actions occurred on May 1, 1968. Plaintiff was in need of special shoes which she could not obtain in Meredith where she lived. She asked her husband, Orion, to drive her to Franklin to get the shoes. Orion drove her to Franklin in a car which he owned. She rode in the front seat. They purchased the shoes and on the return trip she said she was hungry and wanted some lunch and asked him to stop at the next place. The next place was a Dairy Queen which was on the left hand side of the road. Orion asked his wife " Is this one all right? " and she said " Yes ". He testified that he put on his directional lights and turned left to enter the driveway when he was hit by the vehicle driven by the defendant which was in the process of passing him. Orion and Jane Heath each brought suit against this defendant, Robert E. Joyce, Jr. and a verdict for the defendant was returned in each case.

At pretrial, the defendant claimed that any fault of Orion should be imputed to Jane. This was disputed by the plaintiff as appears in the pretrial order. The record shows that after the close of the evidence, the court and counsel recessed to discuss the requests for instructions which included defendant's requests on agency and imputed negligence. The trial judge charged the jury on agency and instructed the jury that if they found that Orion was acting as agent for Jane, then any fault on his part would be imputed to her and bar her recovery. He told the jury in substance that agency would exist if Orion manifested his consent to act under the direction and control of Jane in the operation of the automobile. Plaintiff excepted to the part of the charge which stated that if an agency existed any fault on the part of Orion would be

imputed to Jane. The jury, after some deliberation, returned a question relating to the verdict forms, and in the discussion between the court and the jury, it was disclosed that they had found fault on the part of both drivers. The trial judge repeated his charge on agency, following which plaintiff excepted. The following colloquy occurred: The Court: " That's the same exception you took before?" Mr. O'Neil: " Right. " The Court: " You claim that there's no evidence of agency, I take it. " Mr. O'Neil: " Yes. I also claim that the law of agency doesn't apply in this situation. " The questions raised by the plaintiff's exception were reserved and transferred by *Keller,* J.

Defendant claims that plaintiff's failure to bring the lack of evidence to the attention of the court by a motion to withdraw the issue of agency before the instructions to the jury bars her from raising the question thereafter. He relies upon *Wadsworth* v. *Russell,* 108 N.H. 1, 4, and 5, 226 A.2d 492, 495 ( 1967 ), which states that such a motion to withdraw is the correct procedure to raise such a question. However, in that case the court did consider whether or not an exception to the granting of a request for instructions informed the court of the claim of lack of evidence and concluded in that case that it did not. A motion to withdraw an issue is not an exclusive method of bringing a contention of lack of evidence to the attention of the trial judge. In the case before us, the record clearly disclosed that the court did, in fact, understand the claim of lack of evidence was being made. Under these circumstances, we rule that the question is properly before us for determination.

On the main issue in the case, we are not concerned with whether or not the court's instructions on agency properly stated the law in laying down the test by which the jury was to determine if Orion's fault was to be imputed to Jane. No exceptions were taken to that part of the charge, and we express no opinion on its correctness but treat it as the law of the trial. *Stone* v. *Howe,* 92 N.H. 425, 32 A.2d 484 ( 1943 ). We need not consider in this case, therefore, whether an agency relationship, as contrasted with an employee relationship, will result in imputation of negligence ( *see Smalich* v. *Westfall,* 440 Pa. 409, 269 A.2d 476 ( 1970 ) ) nor the importance of the right to control as a factor. *See Hunter* v. *R. G. Watkins & Son, Inc.,* 110 N.H. 243, 265 A.2d 15 ( 1970 ). The contention of the plaintiff is that, accepting the test contained in the charge as correct, there was no evidence upon which to submit the issue. We agree with this contention. We find nothing

in the transcript of evidence which would warrant the submission of the issue of agency to the jury. Orion was operating his own vehicle and the fact that he was returning from a trip for the purchase of a pair of shoes for his wife and was turning into a driveway to have lunch at a place suggested by her would not warrant a finding that he had agreed to act subject to her control in the operation of his vehicle.

*New trial.*

All concurred.