Strafford,
No. 6290.

DAVID O. GLIDDEN *v.* LOUISE ANNE BUTLER.

March 7, 1972.

*Burns, Bryant, Hinchey, Nadeau & Cox* and *John T. Barrett III* (*Mr. Barrett* orally) for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *L. Jonathan Ross* (*Mr. Ross* orally) for the defendant.

DUNCAN, J. This case reserves and transfers to this court the exception of the defendant to denial by the Superior Court (*Loughlin,* J.) of her motion to set aside a verdict for the plaintiff and to direct a verdict for the defendant in an action by the owner of an automobile to recover for property damage which occurred to the vehicle while being operated by his wife at Middleton on March 19, 1965. The verdict was returned by a Referee (*Richard H. Keefe,* Esq.) following a hearing at which no record of the testimony was kept. The findings and rulings of the referee were as follows: "The plaintiff had sustained an injury to his leg and being without a telephone and unable to work, asked his wife to drive his car to his place of employment to inform his employer he was unable to work.

"As she left the driveway which was just over the crest of a hill 85 to 100 feet away, the defendant collided with her car. The road was covered with two inches of snow. On all the evidence, the Referee finds that both operators were negligent.

"The only question in issue was whether there was a bailment or whether there existed an agency between the plaintiff and his wife which precluded recovery because of the imputation of her negligence to the plaintiff.

"The Referee rules that the possession, management and control of the plaintiff's vehicle was in the plaintiff's wife even though she was on an errand for him and that there was a bailment. The essential element of the relationship of principal and agent, namely control, was lacking. Furthermore, there is no sound reason to penalize a husband by the imputation of his wife's negligence when she is operating his vehicle (and he is not a passenger) when no such penalty would be imposed if any other third person was the operator."

The defendant seeks to have the verdict set aside upon the ground that the facts as found by the referee "clearly establish an agency relation between the plaintiff and his wife, and as a matter of law the negligence of the wife is imputed to the husband plaintiff."

The negligence of the wife-operator is not to be imputed to the husband-owner merely because she was his wife (Restatement (Second) of Torts *s.* 487 (1965)) or solely because she was his bailee. *Sprague* v. *Bartlett,* 109 N.H. 137, 140, 244 A.2d 202, 204 (1968), and cases cited. Unlike the situation in *Grimes* v. *LaBreck,* 108 N.H. 26, 226 A.2d 787 (1967), the operator of the vehicle in this case was engaged in doing an errand for the owner, at his request and by the means requested. Standing by themselves, these particular facts as found by the referee would be consistent with an agency relationship; but it was also found that "there was a bailment", and that the essential element of any agency relationship "namely, control" was "lacking". *See Heath* v. *Joyce,* 111 N.H. 309, 282 A.2d 668 (1971); *Bowley* v. *Duca,* 80 N.H. 548, 551, 120 A. 74, 76 (1923). In the absence of any record of the evidence upon which the findings were made, we cannot say that they were unwarranted. *See Bergeron* v. *Hunt,* 110 N.H. 278, 266 A.2d 121 (1970).

A ruling that the wife's negligence should be imputed to the plaintiff is not compelled as a matter of law. Imputation of the contributory negligence of a third person to a plaintiff free from any personal negligence is increasingly regarded with disfavor, (Restatement (Second) of Torts at 541, Topic 4, Scope Note; and *s.* 485 (1965); *Weber* v. *Stokely-Van Camp*

*Inc.,* 274 Minn. 482, 144 N.W.2d 540 (1966)), and has been vigorously criticized. 2 Harper & James, The Law of Torts *s.* 23.6 (1956); Prosser, Torts 274 (4th ed. 1971); Mignone, Imputed Negligence Revisited, 45 Conn. B.J. 187, 200 *et seq.* (1971). Present day authority limits its application primarily to death cases, and to persons in the relation of master and servant or engaged in joint enterprise. Restatement (Second) of Torts *s.* 485 *supra,* Comment *b; ss.* 486, 491, 494 (1965). The "waning defense of contributory negligence" (2 Harper & James, *supra* at 1277; *see* Laws 1969, 225:1 (RSA 507:7-a(supp.)), should not be extended by imputation.

The master and servant case of *Hunter* v. *R.G. Watkins & Son, Inc.,* 110 N.H. 243, 265 A.2d 15 (1970), does not militate against this conclusion. *See* Prosser, *supra* at *s.* 69, at 459. It furnishes no support for curtailment of the rights of this plaintiff.

*Judgment on the verdict.*

All concurred.