Rockingham
No. 6282

CHARLES J. CLARK, ADMINISTRATOR

v.

NEW ENGLAND TELEPHONE COMPANY

March 29, 1973

*Shaines, Madrigan & McEachern (Mr. John H. McEachern* orally) for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown,* and *James R. Muirhead (Mr. Muirhead* orally) for the defendant.

DUNCAN, J. In the early afternoon of Saturday, October 15, 1966, Arthur C. Clark, eight-year-old son of the plaintiff, was riding his bicycle in an easterly direction along the northerly sidewalk of Greenland Road some three miles out of the center of Portsmouth, west of the intersection with Harvard Street. He was carrying across his handlebars a rake with which he expected to earn fifty cents by raking leaves for a local resident. He overtook a pedestrian on the sidewalk, whom he passed by riding over an adjoining lawn, returned to the sidewalk, and proceeded toward Harvard Street. As he came abreast of a telephone pole situated just north of the sidewalk but within the highway right of way, a bus traveling in the opposite direction in the westbound lane of Greenland Road also reached a point opposite the pole. The bus was traveling a foot to a foot and a half from the stone curbing which bordered the sidewalk pavement. The sidewalk was five feet wide, and Arthur's rake was five feet long. It appeared to the pedestrian walking behind Arthur that the rake might not clear both the bus and the pole, and almost simultaneously the metal end of the rake struck the telephone pole, swerving the bicycle and throwing Arthur against the side of the rear half of the bus and into the street. The bus driver heard a "thump" and brought the bus to a stop. Arthur was unconscious, and was taken by ambulance to the hospital, where he never regained con-

sciousness. He was found to have suffered a fracture of the skull and brain damage, and he expired early the next day.

In the following year, the plaintiff brought death actions against the bus owner and against the telephone company. In late 1970, the actions were tried together by jury before *Morris, J.,* and verdicts were returned for the defendants. Questions of law presented by the plaintiff's exceptions were reserved and transferred by the presiding justice.

Before argument in this court, the plaintiff waived his exceptions in the action against the bus owner. The exceptions in the action against the telephone company briefed and argued in this court relate to instructions to the jury concerning the statutory obligations of the company with respect to the location, construction, operation and maintenance of the telephone pole in question. The pole in question was within the highway limits, was originally erected in 1889, and appeared in the same general location on a plan of 1923.

The plaintiff argues first that the trial court erred in failing to instruct the jury concerning the telephone company's statutory duty with respect to the construction, operation or maintenance of its poles within highway limits. In support of this contention he cites RSA 254:2, 10, and 18; *Bourget v. Company,* 98 N.H. 237, 97 A.2d 383 (1953); and *Gorman v. Company,* 103 N.H. 337, 172 A.2d 372 (1961). RSA 254:10 provides in pertinent part: "Interference with Travel. The location of poles . . . by the selectmen shall be made so far as reasonably possible so that the same and the attachments and appurtenances thereto will not interfere with the safe, free and convenient use for public travel of the highway . . . . The location of any such pole . . . when designated by the selectmen . . . shall be conclusive as to the right of the licensee to construct and maintain the same in the place located without liability to others except as is expressly provided in RSA 254:17 and 254:18."

RSA 254:18, which follows a subdivision heading "Liability of Proprietors", provides in part: "To Party Injured. Any party receiving injury in his person or estate from any pole . . . within the highway limits may maintain an action for damages against the proprietor . . . if such injury has been caused by

the location of the object so as to interfere with the safe, free and convenient use of the highway, or by the negligent construction, operation or maintenance of such object . . . ."

The defendant does not disagree with the plaintiff's assertion that the statute imposes distinct duties upon the company with respect to its poles: one, to locate them so that they shall not interfere with safe use of the highway, and the other, to exercise reasonable care in the construction, operation and maintenance of such poles. *See, e.g., Ela v. Company,* 71 N.H. 1, 51 A. 281 (1901); Annots., 25 A.L.R.2d 722 (1952); 97 A.L.R.2d 664 (1964).

It also recognizes that the trial court submitted to the jury only the issue of whether it had complied with its statutory duty to locate the pole so that it would not interfere with safe, free and convenient use of the highway; but it points out that "there was no evidence of faulty construction, operation or maintenance of the pole". Our examination of the record confirms the accuracy of the defendant's statement, and we agree with its assertion that submission of an issue not presented by the evidence would have been error. *Lindberg v. Swenson,* 95 N.H. 184, 60 A.2d 458 (1948).

Although the cases of *Bourget* and *Gorman* both arose before the statute was amended in 1959 (Laws 1959, 223:3 and 5) the amendments then made did not affect the conclusion implicit in both of those decisions that "negligent construction, operation and maintenance" of a pole is a matter distinct from the proper "location" of a pole, which is to be determined with reference to the time of injury, rather than the time of original location. *See Bourget,* 98 N.H. at 241, and 243, 97 A.2d at 386, and *Gorman,* 103 N.H. at 341, 172 A.2d at 375.

Accordingly we hold that the instructions on the issue of the defendant's liability under the statute were properly limited to the issue of location of the pole since no evidence was presented of negligent construction, operation or maintenance of the pole, within the meaning of the statute.

The plaintiff also excepted to the denial of his request for instructions as follows: "The license, if any, under which any telephone pole is placed is not determinative of the requirements of the public safety in the use of the streets,

but is a grant of permission subject to those requirements." The request was apparently taken verbatim from the opinion in *Bourget v. Company*, 98 N.H. 237, 240, 97 A.2d 383, 386 (1953), discussing the effect of the phrase "or in an improper location" at the conclusion of RSA 254:18 (1955) as worded before the 1959 amendment. The section then provided that the proprietors of poles should be liable for injury from poles constructed or maintained in a negligent manner "or in an improper location". This quoted phrase was evidently thought by the legislature to nullify the provisions of RSA 254:10 (1955), and to result in broader liability than was intended. *See* N.H.S. Jour. 161-65 (1959). It was eliminated by the 1959 amendment which recast section 18 so as to clearly provide that liability should rest upon (1) injury caused by a location interfering with safe, free and convenient use of the highway, or (2) injury caused by negligent construction, operation or maintenance of the pole. RSA 254:18 (1964). Thus the "improper location" of the prior statute is now restricted to location which interferes with safe and convenient passage on the highway. *See Gorman v. Company*, 103 N.H. 337, 340, 341, 172 A.2d 372, 374, 375 (1961), involving injury suffered before the 1959 amendment.

In instructing the jury in the case before us, the trial court read the provision of RSA 254:10 requiring poles to be located "so that they will not interfere with the safe, free and convenient use for public travel of the highway", and providing that a licensed location "shall be conclusive as to the right of the licensee except as is expressly provided in RSA 254:17 and 254:18", coupled with an explanation that "on the evidence in this case, the claim of the plaintiff is not that they did not have the right to locate the pole in the highway; the plaintiff claims they are liable to the plaintiff because of the liability expressly provided in RSA 254, Section 18". The provisions of section 18 relating to interference "with the safe, free and convenient use of the highway" were then read to the jury. Thus the issue to be determined by the jury was adequately laid before it by the instructions given.

The plaintiff's request had its origin in discussion of a phrase no longer in the statute, and was couched in language

not likely to be enlightening to the jury in the context of the charge in this case. The request was properly denied. *Tremblay v. Donnelly*, 103 N.H. 498, 175 A.2d 391 (1961).

*Exceptions overruled.*

All concurred.