Belknap
No. 6853

JANE HEATH v. ROBERT E. JOYCE, JR.

September 30, 1974

*Normandin, Cheney & O'Neil* and *David Huot (Mr. Huot* orally) for the plaintiff.

*Nighswander, Lord, Martin & KillKelley (Mr. David J. KillKelley* orally) for the defendant.

KENISON, C.J. This is the second occasion that this personal injury action has been before the court on a motion for new trial. On the first trial, suit was initiated by both Jane Heath and her husband who was the driver of one of the vehicles involved. A jury verdict was rendered for the defendant as against Jane Heath, but this court granted plaintiff's motion for a new trial due to error in the trial court's instruction to the jury. *Heath v. Joyce,* 111 N.H. 309, 282 A.2d 668 (1971). Upon retrial in February 1973, a jury returned a verdict of $40,000 for Jane Heath. Based on exceptions taken during the trial, defendant moved for a new trial. The motion was denied. After the verdict the trial court permitted plaintiff to increase her ad damnum from $20,000 to $50,000, subject to defendant's exception. The exceptions were reserved and transferred by *Loughlin,* J. The basic question before the court

is whether there is any basis in the record of the second trial or in the allowance of an increase in the ad damnum to justify a third trial on the same core of fact.

The situation giving rise to plaintiff's action is an automobile accident that occurred in May 1968. While making a left turn into a Dairy Queen parking lot on Route 3 in Tilton, plaintiff's auto was struck by defendant's automobile as he undertook to pass. The impact caused plaintiff's car to roll over several times before coming to rest. As a result of the mishap plaintiff sustained injuries that caused great pain in her back and which restricted her normal activities. She was compelled to stop working for much of 1968. After a temporary resumption plaintiff was once again advised to stop working in 1969. Throughout this period she performed a battery of back exercises to relieve the pain. Finally, in November 1971, after intensive radiographic investigation, plaintiff's physician, Dr. Robinson, discovered what she termed a traumatic defect in plaintiff's lower spine. This defect precludes hard work and lifting. Although it may possibly be remedied by operation, her doctor does not recommend it.

Defendant's numerous grounds for seeking a new trial may be conveniently grouped into three general categories: evidentiary objections, exceptions to jury instructions, and the size of the verdict. In examining the various contentions within these groups it is essential to remember that the matter of granting a new trial lies within the discretion of the trial court. F. James, Civil Procedure § 7.17 (1965). In this State that discretion has been given broad latitude. *Hayes v. State,* 109 N.H. 353, 355-56, 252 A.2d 431, 433 (1969).

Of the evidentiary objections raised by defendant, none mandate the granting of a new trial. In allowing a witness to render his opinion that the noise of defendant's vehicle sounded "like an engine running at fairly high speed", the trial court ruled according to the generally accepted view on the admissibility of lay opinion. *Walker v. Walker,* 106 N.H. 282, 284, 210 A.2d 468, 470 (1965); C. McCormick, Evidence § 11 (2d ed. 1972); J. Maguire, J. Weinstein, J. Chadbourn and J. Mansfield, Cases and Materials on Evidence 304 (1973). Even though the trial court sustained

defendant's objection to the cross-examination of Joyce concerning his prior convictions for motor vehicle violations, defendant contends that the elicited information is so prejudicial as to justify a new trial. While the information was properly excluded as prejudicial (*see* Annot., 20 A.L.R.2d 1421, 1424 (1951)), the prejudice involved in the jury's hearing it was apparently not sufficient in the trial judge's estimation to justify a new trial. The trial judge's proximity to the vital aspects of the case warrants deference to his judgment.

Although the general rule is that evidence of liability insurance is inadmissible, a recognized exception is where a witness makes an unexpected reference to it as defendant did in this case. C. McCormick, Evidence § 201 (2d ed. 1972). Finally, it is defendant's position that the trial court improperly excluded a repetitive question regarding the possibility that earlier X-rays may not have revealed the defect in plaintiff's spine. Defendant's counsel posed the same question twice. Initially, it was admitted without objection, but upon repetition plaintiff's objection was sustained. Since the second question was merely cumulative, it is difficult to discern how its exclusion prejudiced defendant.

Defendant's various exceptions to the jury instructions are also without merit. Despite counsel's contentions to the contrary, sufficient evidence appears from the record to submit the issue of unreasonable speed to the jury. Beside the testimony of a witness as to the fast sound of defendant's vehicle, there is evidence that the pavement was still damp from a recent rain. Moreover, a reasonable inference from Joyce's own testimony is that he did not have a clear view of the road ahead. On the basis of Dr. Robinson's testimony, the trial court was justified in submitting the question of the permanency of plaintiff's injury to the jury. *L'Esperance v. Sherburne*, 85 N.H. 103, 113, 155 A. 203, 209 (1931). Absent an operation that was not advisable for a person of plaintiff's age, the doctor stated that Heath would be plagued by the effects of the spinal injury for the remainder of her life. Defendant also mistakenly maintains that it was error not to withdraw the issue of a possible operation from the jury. Since the trial court admonished the jury to consider an operation only if it found that plaintiff would probably

undergo one, the submission of that issue seems entirely proper. The jury could weigh plaintiff's admitted reluctance to have the operation as well as her doctor's advice against doing so.

In addition, we find no error in the court's statement to the jury that it may consider loss of earnings and earning capacity. Evidence at trial indicated that plaintiff worked as a babysitter and as a chambermaid at various times. According to Dr. Robinson, the injury precluded even minor physical exertion. Such a disability might be found to precipitate a loss of wages and to preclude future labor. *Hill v. Bardis Fruit Co.,* 96 N.H. 14, 16-17, 69 A.2d 1, 3 (1949). The court instructed the jury that plaintiff was under a duty to mitigate damages. Arguably, the instruction requested by defendant was more favorable to plaintiff in that it imposed a duty only to use reasonable care to mitigate damages rather than an absolute duty to do so. Finally, because the expert testimony indicated that the defect in plaintiff's spine was probably the traumatic result of the accident, the trial court did not err in refusing to submit the issue of a preexisting condition to the jury. No evidence was proffered at trial to substantiate the existence of a defect prior to the accident. Without evidence, no instruction was warranted. *Clark v. New England Telephone Co.,* 113 N.H. 103, 106, 302 A.2d 826, 828 (1973).

Counsel's final exceptions center around the question of damages. It is his view that the verdict of $40,000 is manifestly excessive since plaintiff's medical bills total merely $361.70. However, evidence introduced at trial indicates that the injury is likely to be permanent and that it narrowly circumscribes plaintiff's activities. Given plaintiff's life expectancy of 33.9 years and the pain reportedly associated with the spinal injury, the verdict is not clearly excessive. *Born v. Kenneth Hudson, Inc.,* 114 N.H. 537, 323 A.2d 917 (1974). Defendant also maintains that in allowing plaintiff to increase her ad damnum after the verdict from $20,000 to $50,000, his rights were prejudiced. The essence of counsel's argument is that had defendant known that he might incur personal liability of up to $40,000, he would have approached the case differently by retaining his own individual attorney and by engaging the services of an orthopedic specialist. But, even under

the original ad damnum defendant was in danger of incurring substantial personal liability since his insurance coverage was limited to $10,000. That liability in excess of coverage should have provided sufficient incentive for self-protection. Therefore, this case is clearly distinguishable from *Valliere v. Filfalt,* 110 N.H. 331, 334, 266 A.2d 843, 845 (1970), relied upon by defendant where the insurance coverage equalled the original ad damnum, and, hence, defendant had no motivation to pursue a personal defense.

Accordingly, defendant's motion for a new trial is denied and the order is

*Defendant's exceptions overruled.*

All concurred.