# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0465, <u>Cambridge Mutual Fire Insurance Company v. Mark Acciard</u>, the court on June 14, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, Mark Acciard, appeals a small claim judgment issued by the Circuit Court (<u>Coughlin</u>, J.) in favor of the plaintiff, Cambridge Mutual Fire Insurance Company (carrier), on its subrogation claim. We construe his brief to argue, in part, that the trial court erred by finding that his son parked the defendant's vehicle negligently so as to damage the insured owner's retaining wall.

To recover on its claim of negligence, the carrier had the burden of establishing that the defendant owed the insured a duty of care, that he breached that duty, and that the breach proximately caused the insured injury. <u>See</u> <u>Grady v. Jones Lang LaSalle Constr. Co.</u>, 171 N.H. 203, 207 (2018); <u>Sibson v. Robert's Express</u>, 104 N.H. 192, 195 (1962) (stating that subrogation claim is derivative and carrier's rights are no greater than insured's). The test of due care, or breach of duty, is what reasonable prudence would require in similar circumstances. <u>State v. Exxon Mobil Corp.</u>, 168 N.H. 211, 235 (2015). Whether the defendant breached a duty of care to the insured is a question of fact. <u>See</u> <u>id</u>.

In this case, at trial the carrier based its subrogation claim on the theory that the defendant had moved the vehicle the morning after the son parked it and that it had gone over and damaged the insured's retaining wall while under the defendant's control. There was, however, no evidence introduced at trial that would support a rational finding of fact that the defendant was in control of the vehicle when it damaged the wall. In ruling that the defendant breached a duty of care, the trial court found that

> the Defendant's son was driving a vehicle owned by the Defendant; it was snowing and slippery; the Defendant's son parked the vehicle in the middle of the driveway; the grade of the driveway where the Defendant's son parked the vehicle was greater than further down the driveway; the vehicle rolled down the driveway and onto the re[tain]ing wall causing damage; the Defendant's son failed to take reasonable measures to prevent the vehicle from rolling/sliding

forward i.e. [chock] the wheel(s)/turn the front tires or otherwise secure the vehicle to prevent the vehicle rolling/sliding.

Thus, the trial court based its liability finding not on any breach of duty by the defendant, but upon his son's actions, apparently because the defendant owned the vehicle. We note that the carrier did not claim at trial that the son was acting as the defendant's agent or that the defendant negligently entrusted the vehicle to the son. To the extent that the carrier argues, on appeal, that the trial court could have found that the defendant did not maintain the driveway on the night his son parked the vehicle, the trial court made no such finding, but based its determination of breach upon the findings quoted above.

It has long been the rule in this jurisdiction that one who permits another to drive his or her vehicle is not liable for the driver's negligence as a matter of law. Glidden v. Butler, 112 N.H. 68, 69 (1972) (stating that husband who owned vehicle was not liable for wife's negligence when using vehicle because relationship was that of bailor and bailee); Sprague v. Bartlett, 109 N.H. 137, 139-40 (1968) (stating that it was "obvious" that son's negligence when driving mother's vehicle was not imputable to mother because mother was bailor and there was no evidence son acted as her agent); Grimes v. Labreck, 108 N.H. 26, 28-29 (1967) (stating that this jurisdiction does not recognize "family use" doctrine and father was not liable for daughter's negligence when driving father's vehicle to obtain food for family); Lynch v. Bissell, 99 N.H. 473, 478 (1955) (stating that negligence of bailee not imputable to bailor, so defendant not entitled to instruction that driver's negligence should be imputed to the vehicle's owner, thereby precluding award for damage to vehicle); Boothby v. Prescott, 97 N.H. 504, 504 (1952) ("The relation between plaintiff and the operator of his automobile at the time of the accident being that of bailor and bailee only, the latter's negligence would not be imputed to the plaintiff."); Pickard v. Morris, 91 N.H. 65, 70 (1940) (stating that this jurisdiction disapproves of the "family purpose" doctrine as basis for imputing son's negligence while driving father's vehicle to father); Sauriolle v. O'Gorman, 86 N.H. 39, 42 (1932) (stating that employee's negligence while driving employer's vehicle in service of employee or third party not imputable to employer). Accordingly, the trial court's finding that the defendant breached a duty of care based upon the conduct of his son in parking the vehicle was erroneous as a matter of law.

The defendant has not challenged the trial court's ruling on the basis that the trial court erroneously imputed his son's liability to him. However, we have discretion to correct a plain error that affects the appealing party's substantial rights, even if that party fails to raise the issue on appeal. Sup. Ct. R. 16-A; see Randall v. Abounaja, 164 N.H. 506, 510 (2013). To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. Randall, 164 N.H. at 510.

In this case, because the trial court's ruling was contrary to settled law, we conclude that the trial court erred and that the error was plain. See Hilario v. Reardon, 158 N.H. 56, 60 (2008) (finding plain error when trial court decision was contrary to court rule and case law). The error affected the defendant's substantial rights because it affected the outcome of the proceeding. See In the Matter of Kurowski & Kurowski, 161 N.H. 578, 591 (2011) (stating that error affects substantial rights when it affected outcome of proceeding). Finally, the error seriously affected the public reputation of judicial proceedings by requiring the defendant to pay substantial damages without being negligent. See Randall, 164 N.H. at 511 (stating error seriously affected reputation of judicial proceedings when defendant ordered to pay more than he owed under statute). Accordingly, we reverse the judgment. In light of this decision, we need not address the remaining issues raised by the defendant.

Reversed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3