Hillsborough, |
April 6, 1920. }

### CHRISTOS VOULLGARIS *v.* ATHA GIANARIS *& a.*

A misstatement of evidence by counsel is not fatal to a verdict, especially where the presiding justice finds the other party was not prejudiced thereby.

The question whether a party, who testified, had been instructed in the law of perjury being irrelevant to any issue on trial, a statement by the opposing counsel that he had been so instructed was not prejudicial.

It is the duty of the party against whose interest an erroneous statement of a rule of law is asserted by counsel to request the court to charge in accordance with the law, otherwise his exception thereto is waived.

CASE, for conspiracy to defraud the plaintiff. Trial by jury and verdict for the plaintiff. The defendants excepted to certain statements made in the argument for the plaintiff, which are stated in the opinion. Transferred from the May term, 1919, of the superior court by *Sawyer*, J.

*Cobleigh & Theriault*, for the plaintiff.

*Branch & Branch, James A. Broderick* and *Jesse B. Pattee*, for the defendants.

WALKER, J. Of the numerous exceptions taken by the defendants at the trial, the exceptions to the argument of the plaintiff's counsel seem to be the only ones insisted upon.

1. If there was in the argument a misstatement of the evidence by the plaintiff's counsel, the error is not fatal to the verdict (*State* v. *Wren*, 77 N. H. 361, 364; *Gosselin* v. *Company*, 78 N. H. 149), especially in view of the finding of the presiding justice that "I am of the opinion that the statements [of counsel in argument] produced no injury to the defence."

2. Statements that the defendants were engaged in a scheme to defeat justice and to bring discredit upon the courts, inferrible from the counsel's view of the testimony, are not open to exception as presenting an error of law. *State* v. *Dinagan, ante,* 7; *Topore* v. *Railroad, ante,* 169; *State* v. *Small,* 78 N. H. 525.

3. An assertion that when the police are "down on a person there is generally a reason," which introduces no new fact, is not objectionable. It would seem to be immaterial.

4. The question whether the defendants had been instructed in

the law of perjury, as counsel for the plaintiff stated, had no relevancy to any issue on trial. Nor is it clear how such a statement unexplained by other evidentiary facts would be prejudicial or induce in the minds of the jury a belief that the defendants were not to be believed. Ordinarily a knowledge of the law of perjury would cause witnesses to testify to what they believed to be true upon material points rather than what they believed to be false. The argument was not harmful to the defendants.

5. When counsel told the jury in effect that the fact the defendants did not testify in a former criminal proceeding against them, growing out of the same facts as exist in the present case, is an admission of their guilt, he was merely stating a rule of law; he was not introducing new facts as of his own knowledge. Such an error is correctible by the court in its charge to the jury; and it is the duty of the party against whom the erroneous rule operates to request the court to charge in accordance with the law; otherwise he is held to waive his objection. *Seeton* v. *Dunbarton*, 73 N. H. 134, 137; *Lane* v. *Manchester Mills*, 75 N. H. 102, 106; *Potter* v. *Moody, ante*, 87.

*Exceptions overruled: judgment on the verdict.*

PEASLEE, J., was absent: the others concurred.