Hillsborough, }
June 29, 1922. }

## WILLIAM MINER v. CHARLES H. KNIGHT.

## OZRO W. HODGMAN v. SAME.

Immediate correction by the court of a misstatement of fact by counsel, and his withdrawal thereof, warrants the finding that the error was cured.

So far as prejudicial remarks of counsel suggest that the jury might draw inferences unwarranted by the evidence, an exception thereto is unavailing in the absence of a request for instructions to correct the error.

CASE, for negligence. Trial by jury and verdicts for defendant. Identical questions were raised in the two cases, which were tried together. The facts and exceptions appear in the opinion. Transferred from the January term, 1921, of the superior court by *Branch,* J.

*Charles L. Luce* and *Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the plaintiffs.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

SNOW, J. Upon cross-examination, the plaintiff Miner, who was a material witness, admitted that upon an unnamed date he had been arrested at Milford upon complaint for impersonating an officer, and had been fined fourteen dollars and costs. Subsequently, the plaintiffs produced the records of two complaints against Miner in the municipal court of Milford. In each case, the complaint showed that Miner was arraigned on January 30, 1920, upon the charge of impersonating an officer, to which a plea of *nolo* was entered and an order made "Case placed on file at call of officer." In neither case was a fine imposed, but in one, costs in the sum of $13.60 were taxed and paid. The plaintiffs moved to strike from the record the testimony of Miner that he had been fined fourteen dollars and costs, on the ground that this record evidence established that no fine was imposed and that the payment was for costs only upon a plea of *nolo*. To the denial of their motion the plaintiffs excepted.

If it were permissible for the plaintiffs to submit record evidence to contradict plaintiff Miner's oral admission (*Whitman* v. *Morey*, 63 N. H. 448, 456; *Dow* v. *Dow*, 77 N. H. 150, 151), and if it were error to permit both the admission and the impeaching evidence to stand for the consideration of the jury (*Fuller* v. *Rounceville*, 29 N. H. 554, 563), the plaintiffs' exception could not be sustained here for the reason that it does not conclusively appear that the oral admission and the record evidence related to the same complaint.

It follows that plaintiffs' exception to the argument of defendant's counsel, because of his reference to Miner's admission notwithstanding the record, cannot be sustained. The statement by counsel that plaintiff Miner admitted that he "paid a fine of fourteen dollars" when the words of the witness were that he was "fined fourteen dollars" did not contain such an unwarranted inference as to constitute reversible error.

Upon cross-examination, defendant's counsel inquired of plaintiff Miner whether he had served time in jail in Vermont on the charge of perjury, to which the witness replied in the negative. In argument, defendant's counsel, referring to Miner's testimony, said,

"He not only said he paid a fine for impersonating a police officer, but I asked him if he had ever served time for perjury. He says 'No.' I don't say that he has, but you don't have to believe him, and if you saw his appearance and the shifty look in his eyes, and the way he acted on the stand when I asked him that question, it is for you to say whether he had been serving time for anything other than for impersonating an officer." Upon objection, counsel withdrew his statement as to serving time, and both court and counsel stated to the jury that there was no evidence of that. Upon the close of the evidence, the court found as follows: "So far as it is a question of fact, the court finds that the wrong done by the indirect statement of counsel that Miner had served time for impersonating an officer was cured by the withdrawal of the statement and the immediate instruction of the court to the jury. Whether the argument was otherwise improper, the court does not undertake to decide."

So far as the objection related to mis-statement of fact, the immediate correction by the court and the prompt withdrawal by offending counsel of the objectionable remark was sufficient evidence to support the finding of the presiding justice that the wrong done was cured. *Tuttle* v. *Dodge, ante,* 304. So far as the offending remarks suggested that the jury might draw inferences which were unwarranted by the evidence, the plaintiffs' exception does not avail them in the absence of a request for instructions to correct the error. It does not appear that plaintiffs asked for such instruction or that the court indorsed the unwarranted inferences. *Tuttle* v. *Dodge, supra; Voullgaris* v. *Gianaris,* 79 N. H. 408, 409.

*Exceptions overruled.*

All concurred.