### ARTHUR H. WILCOMB, *Ex'r, v.* FRED K. DUSTON.

When the court corrected misstatements of counsel in the course of argument, and counsel acquiesced, a finding that the trial was not rendered unfair by the objectionable argument will not be set aside on exception because the jury were not specifically instructed to disregard the erroneous statements. While the offending party in such a case should obtain instructions to the jury to disregard the statements, failure to do so is not necessarily fatal to the verdict.

TRESPASS, *quare clausum.* Trial by jury and verdict for the plaintiff. The defendant excepted to certain remarks of plaintiff's counsel in argument, and to a finding of the court that the error was corrected and the trial fair. Other facts appear in the opinion.

A bill of exceptions was allowed by *Branch,* C. J.

*Bartlett & Grinnell* and *William H. Sleeper* (*Mr. Bartlett* orally), for the plaintiff.

*John Scammon* (by brief and orally), for the defendant.

PEASLEE, C. J. Objection being made to certain statements of counsel in argument as to what the evidence was, the court corrected the misstatements and counsel acquiesced. Thereafter the court found that the statements by the court "sufficiently corrected these errors to prevent the jury from being misled thereby, and that the trial was not therefore rendered unfair by the objectionable argument." This finding is excepted to as having no foundation in the facts of the case.

The question involved in the finding is peculiarly one of fact. The efficiency of a correction depends very largely upon the manner in which it was made. The written record of the spoken words may be but a poor reproduction of the occurrence. If enough appears from such record to show that the occurrence might have amounted to a sufficient correction of the error, a finding that it had such effect cannot be disturbed here. *Lavigne* v. *Lavigne,* 80 N. H. 559.

While the rule requiring the offending party to obtain instructions to the jury to disregard the statements is one that should be followed, failure to do so is not necessarily fatal to the verdict. The true in-

quiry is: Has the error been corrected? If it has, the means by which that result was brought about need not be considered. *Tuttle* v. *Dodge*, 80 N. H. 304.

As a practical matter, the procedure in the present case may well have been an efficient disposal of the erroneous conduct. Whether it was or not was to be decided by the justice who presided at the trial, and who could properly appreciate the peculiar force of what was said and done. Upon the record, it cannot be said as matter of law that the course of events was not such as to lead one to the conclusion that the misstatements had been so corrected as to prevent their influencing the jury. It cannot be said here that it is not more probable than otherwise that the statements had no effect.

"So far as the objection related to misstatement of fact, the immediate correction by the court and the prompt withdrawal by offending counsel of the objectionable remark was sufficient evidence to support the finding of the presiding justice that the wrong done was cured." *Miner* v. *Knight*, 80 N. H. 423, 425.

In the present instance the lack of a specific instruction did not deprive the jury of the court's view of the situation. The statements of counsel related to a transaction which had taken place during the trial. The court corrected him, and counsel acquiesced. The jury were thus given to understand that the position at first taken by counsel was untenable. There was a ruling that there was no such evidence, and the ruling was accepted without question. It became the law of the trial. It was stated in the midst of an argument addressed to the jury, as a limitation of what could be urged upon their consideration. The jury must have understood that the matter claimed could not be argued to them. It is not a violent assumption to infer that they also understood that they could not consider it in their deliberations.

It is urged that a long line of cases preceding *Tuttle* v. *Dodge*, 80 N. H. 304, hold that an instruction to the jury to disregard the improper statement of counsel is a *sine qua non* to a finding that the error was cured. It is true that the rule has been thus stated in numerous opinions. It is also true that the rule has never been applied. No decision rests upon it. No finding of prejudice cured has ever been set aside for lack of compliance with it.

Two points are stressed in the decisions. The error must be cured, and the ascertainment of a cure is peculiarly a question of fact for the justice who presided at the trial. To say that such fact cannot ever exist unless an instruction be given, is to deny the common

knowledge and practical experience of mankind. If it exists, it must be open to proof. If proved, it should be found.

*Exceptions overruled.*

ALLEN, J., dissented: the others concurred.