Hillsborough, ⎰
Jan. 6, 1953. ⎱ No. 4129.

STATE *v.* KING G. SNOW.

*Gordon M. Tiffany,* Attorney General, *Arthur E. Bean, Jr.,* Law Assistant, and *Conrad Danais,* County Solicitor (*Mr. Bean* orally), for the State.

*John W. King* (by brief and orally), for the defendant.

BLANDIN, J. The defendant's attack on the legality of his conviction centers on whether the issue of entrapment should have been submitted to the jury. In order to determine the worth of this claim, it is necessary to examine the salient facts. We find that the chief of police of the city of Manchester wished "to see whether a man [the defendant] was honest." Considering that upon the head of this department rests the primary responsibility for the safety and property of thousands of citizens, and that subordinate officers from the nature of their work have almost unparalleled opportunity either to uphold or to violate the great trust reposed in them, we see nothing reprehensible in this attitude. *Cf.* 60 Y. L. J. 1091, 1115. Rather, under the circumstances of this case, alertness of this nature in not taking vital matters for granted is to be commended. Here no one implanted the idea of the crime in the mind of the defendant. No one suggested to him that he enter the Macedonia restaurant, much less that he take money from the cash register. The crime was not created by the officers for the purpose of punishing it. Rather the record shows a justifiable concern on the part of the chief to see whether a man whom he placed in a position of great trust would live up to it or betray it. The defendant did not take the stand and we find no suggestion in the record that the police participated directly in the crime, or urged him to commit it, or offered him any inducements to do so, or appealed to his sympathy or friendship, or put the slightest pressure on him. *Cf.* 60 Y. L. J. 1091, 1104, 1105, and authorities cited. All they did was to help create a situation where if the defendant was dishonest and had the intent and desire to take the money, the opportunity was there. Under these circumstances there is no evidence of entrapment and the Court properly refused to submit the question to the jury. *Cf. State* v. *Del Bianco,* 96 N. H. 436, 438.

The defendant also claims that the indictment should have been quashed, principally because in charging that he stole the money from "Nicholas Provocas and Demetrios Guileaos, partners," no crime was alleged. This argument seems to be that as the words of the statute (R. L., c. 452, s. 3, amended by Laws 1949, c. 140) make it a crime to "steal . . . property of another," it must mean another person and not the property of partners. We believe no such technical and restrictive meaning was intended by the Legislature

and that the indictment, furnishing the accused with a clear and specific description of the charge against him as it did, even using the words of the statute (*State* v. *Twarog*, 97 N. H. 101), is sufficient. *State* v. *Story*, 97 N. H. 141, 146.

The defendant argues that the State has not proved him sane beyond a reasonable doubt. We believe this argument is met by the fact that there was a conflict of testimony with ample evidence to warrant the jury's finding that he was sane. The same is true as to his guilt generally, and the fact that he took and carried away the money with a criminal intent. The evidence, on the whole, including the defendant's alleged confession which the jury had a right to believe, leaves no doubt on this score and warrants the conviction. *State* v. *Gobin*, 96 N. H. 220, 222, and authorities cited. In regard to the objections to leading questions, it seems sufficient to say that under the circumstances, including the witness' apparent difficulty with the English language, no abuse of discretion appears. The exception is therefore overruled. *Atherton* v. *Rowe*, 89 N. H. 196, 200. The Court, in denying the motions for a mistrial and to set aside the verdict, has impliedly found that the trial was fair (*State* v. *Hale*, 85 N. H. 403) and the record discloses no reason for upsetting this finding.

Finally, it appears that there was no abuse of discretion in refusing to grant *in toto* the defendant's motion for discovery. This appears to dispose of all exceptions of merit, and it follows the order is

*Exceptions overruled.*

All concurred.