**UNITED STATES of America,**
**Appellee,**

v.

**Gerald TRAINOR, Defendant, Appellant.**

**No. 7360.**

United States Court of Appeals,
First Circuit.

Heard March 2, 1970.

Decided March 24, 1970.

Charlotte Anne Perretta, Boston, Mass., with whom Monroe L. Inker, Kevin Keating and Crane, Inker & Oteri, Boston, Mass., were on brief, for appellant.

James B. Krasnoo, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The defendant, Trainor, and three others not presently involved, were indicted for conspiracy to steal a truckload of alcoholic beverages moving in interstate commerce, and Trainor and two of

the others were indicted for the theft. Trainor and some others were convicted. Following sentence, Trainor appeals. The sole question raised is whether his motion for mistrial should have been allowed because of the government's failure to tender him, before trial, "prior inconsistent statements as well as exculpatory statements made by an important government witness where the defendant had seasonably moved to be provided with all exculpatory evidence before trial."

The facts may be briefly stated. Before obtaining the indictment the government interviewed one Merchant. Merchant's original story was that a Frank Howard, not named as a defendant, had made arrangements with him to lease the building, or "drop," at which the stolen goods were subsequently discovered. He failed to identify Howard further. Later, and consistently thereafter, Merchant informed the government that Howard was a fictitious person; that the real individual who had approached him and had leased the premises had been Trainor, and that he had initially named a fictitious person in fear of consequences if he revealed the truth. At the trial Merchant identified Trainor as the lessee. Before turning the witness over for cross-examination, the government, in admittedly full compliance with the Jencks Act, disclosed the content of his original story. Trainor claims that this disclosure should have been before trial, citing principally, Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

The government points out that Brady v. Maryland involved not only total suppression, but exculpatory evidence, and asserts that this was not the case here. We are not helped by conclusory terms such as "exculpatory" and "inconsistent;" we are interested in substance. Here the record points to nothing at variance with a good faith judgment by the government, rational at the time, that the Howard story was useful to the defendant only for impeachment purposes, and was otherwise immaterial and of no use in pre-trial exploration for either side. Under the circumstances there can be no reversible error unless the delay in the disclosure was prejudicial. In fact, no prejudice appears. Ten months have elapsed between the trial and the argument of the appeal. Trainor has not yet been able to suggest affirmative grounds for believing that Howard was an actuality, or that he could have been discovered had defendant learned of the possibility of his existence in the four months between the indictment and trial. At this moment defendant's assertion that the lateness of the government's disclosure deprived him of "invaluable information" is an empty gesture.

The defendant made some suggestion during argument that he has made no attempt to locate Frank Howard since the trial. Passing the thought that this is a strong admission that he places no credit in Merchant's original story, where there was no bad faith on the part of the government we analogize this appeal to the common situation where a defendant seeks a new trial on the basis of newly discovered evidence. This may not extend to the quantum of evidence required under F.R.Crim.P. 33, but there is a duty of diligence imposed upon one who would advance such a claim. With no evidence of Frank Howard's existence, nothing is to be gained by a new trial, except a free shot. We see no basis for imposing that penalty.

Affirmed.