Rockingham
No. 78-068

THE STATE OF NEW HAMPSHIRE

v.

ANDREW L. ARTHUR

September 18, 1978

*Thomas D. Rath*, attorney general (*Anne E. Cagwin*, attorney, orally), for the State.

*G. Page Brown, Jr.*, of Exeter (*Stephen J. C. Woods* orally), for the defendant.

GRIMES, J.   The issues in this criminal case involve the failure of the prosecution to timely comply with an order for discovery and the failure of the trial court to grant a mistrial. We uphold the conviction.

On January 4, 1977, a grand jury returned separate indictments against the defendant for two sales of a controlled drug. The Class A felonies were alleged to have occurred on February 12 and 24, 1976. Before trial he filed a motion for discovery, seeking among other things the names of "all persons present at the alleged sale." That part of the motion was granted on August 25, 1977.

At the time of the trial on October 11, 1977, the State had not supplied the defendant with the name of an informer who was present at both alleged sales, even though the defendant had by mail on September 8, 1977, requested compliance with the court order. Only after the jury was drawn, when the court threatened to dismiss, did the State comply with the order that it disclose the name of the informer. The defendant moved to dismiss the indictments on the ground that the delay in supplying the name of the informer had prevented him from preparing for trial and obtaining a fair and speedy trial. The motion was denied, subject to exception, but the court offered to grant a recess if the defendant desired one, which offer was not accepted.

At trial an important issue concerned the identification of the defendant by the State police officer who testified he purchased the drugs from the defendant. During cross-examination of the officer, in answer to a question as to how he could identify the defendant by the name of Andrew instead of Butch, which the defendant used at the time of the sale, he stated that he had been given a photograph of the defendant by the Portsmouth police and that it was through this that he knew the defendant by the name of Andrew. Counsel for the defendant then asked if he meant to imply that the defendant had been convicted of dealing in drugs. The officer replied that he was "trying to say that he was targeted by the Portsmouth police as a drug dealer. He was identified to me as such." He further testified that he was given the photograph so he could familiarize himself with the defendant's appearance and name before he met him. He also said that the defendant had never been arrested for drug activities. The defendant's motion for a mistrial was denied.

The defendant was convicted and his exceptions were transferred by *Cann*, J.

■ The failure of the prosecution to comply with the court order to disclose the "names of all persons present at the alleged sale" until threatened with dismissal of the indictments appears to be inexcusable. This, however, is a matter for the trial court to determine. Public prosecutors must be held to a high standard of conduct. Delay in complying with a court order to furnish evidence to the accused, for the purpose of making it less useful to him, cannot be condoned. Such conduct involving evidence favorable to the accused strikes at the very heart of the adversary system, due process, and the guarantee of effective assistance of counsel. However, such misconduct on the part of a prosecutor does not necessarily call for a new trial or the drastic remedy of dismissal of the charges. To warrant such remedies, the defendant must at least show that the evidence was favorable to him and that he has been prejudiced. *United States v. Baxter*, 492 F.2d 150 (9th Cir. 1973), *cert. denied*, 414 U.S. 801 (1973), 416 U.S. 940 (1974). *See also Colon v. U.S. Attorney for P.R.*, (1st Cir., May 17, 1978).

■ ■ The suppression by the prosecution of evidence favorable to an accused, when the accused requests such evidence, violates due process if the evidence is material to guilt. This is true irrespective of the good faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In *Moore v. Illinois*, 408 U.S. 786 (1972), the Court set forth the following factors to be considered: "(a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence." *Id.* at 794–95. There was not complete suppression in this case, but instead delayed compliance. Whether the delay in turning over the name of the informer amounted to an unconstitutional suppression of evidence depends upon whether the delay in disclosure substantially prejudiced the defendant in the preparation of his defense. *United States v. Baxter*, 492 F.2d at 174; *United States v. Arcentales*, 532 U.S. 1046, 1050 (5th Cir. 1976); *United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976), *cert. denied*, 430 U.S. 929 (1977).

■ There is no evidence in the record before us that the informer's testimony would have been favorable to the defendant. To this day, the defendant has not determined what the informer's testimony would be if called as a witness. There is nothing to indicate that the informer's testimony would in any way aid the defendant. It is certainly not more likely to be exculpatory than inculpatory. Although we do not condone the actions of the prosecutor's office, the

record in this case does not justify the drastic sanction of reversal or dismissal. *See United States v. Trainor*, 423 F.2d 263 (1st Cir. 1970). *See also State v. Breest*, 118 N.H. 416, 387 A.2d 643 (1978).

■ The superior court has at its disposal several "disciplinary weapons" to deal adequately with the problem if it finds that the late compliance was willful or otherwise inexcusable. "They include citation for contempt, suspension for a limited time of the right to practice before the court, censure, informing the appropriate disciplinary bodies of the misconduct, and imposition of costs." *Colon v. U.S. Attorney for P.R. supra.* See ABA Standards Relating to the Function of the Trial Judge (approved Draft 1972) § 6.5.

The court may consider whether in its discretion any additional action is warranted either on its own initiative or on complaint.

■ The second issue is whether a mistrial should have been granted. The allegedly prejudicial answers given by the officer were in response to defense counsel's questions. *See State v. Butler*, 117 N.H. 888, 379 A.2d 827 (1977). They were not admitted to prove the truth of the matters asserted, but to explain the officer's previous knowledge of the defendant. *See Ellsworth v. Watkins*, 101 N.H. 51, 53, 132 A.2d 136, 138 (1957). The officer made clear that he had no knowledge that defendant had ever been arrested for drug activities. The trial court had broad discretion to decide whether justice could be done if the trial continued to verdict. *State v. Booton*, 114 N.H. 750, 757, 329 A.2d 376, 382 (1974); *see Arizona v. Washington*, 98 S. Ct. 824 (1978). We cannot say from the record before us that the trial court abused its discretion in denying the motion for a mistrial.

*Exceptions overruled.*

BROCK, J., did not sit; the others concurred.