Hillsborough
No. 7583

GEORGE W. BRIGHAM, JR.

v.

HUDSON MOTORS, INC.

REWA BRIGHAM,
BY HER MOTHER AND NEXT FRIEND,
ANDREA D. BRIGHAM

v.

HUDSON MOTORS, INC.

September 27, 1978

*Hamblett, Kerrigan, LaTourette & Lopez*, of Nashua (*John P. Griffith* orally), for the plaintiff Rewa Brigham.

*Earley & Earley*, of Nashua, for the plaintiff George W. Brigham, Jr., joined in the brief for the plaintiff Rewa Brigham.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*James C. Wheat* orally), for the defendant.

BROCK, J. These are actions in negligence, warranty, and strict liability to recover damages for personal injuries and medical expenses resulting from an accident which occurred on September 26, 1972. Trial by jury with a view resulted in a verdict for the defendant in both actions.

At the close of the evidence, the court granted the defendant's motion for dismissal of the count sounding in strict liability. During trial, plaintiffs moved for a mistrial based upon certain statements made by defense counsel in his argument to the jury, which motion was denied. Before verdicts were returned, plaintiffs again moved for a mistrial on the ground of jury misconduct. The trial court reserved decision on this motion. After verdict, the court granted the plaintiffs' motion to set aside the verdicts and for a mistrial, and denied the defendant's motion to recall and question a juror. The defendant moved for reconsideration of the decision denying its motion to recall and question a juror, which motion was denied. Exceptions to the above orders were duly taken, and all questions of law raised by these exceptions were reserved and transferred by *Loughlin, J.*

On September 26, 1972, George Brigham, Jr., was operating a 1969 Volkswagen bus when his nineteen-month-old daughter, Rewa, fell from the passenger seat of the vehicle, after the right front door opened, sustaining serious injuries. The bus had been purchased by

Mr. Brigham from the defendant on August 8, 1972, as a used motor vehicle. Thereafter, plaintiffs instituted these actions alleging that a defect in the door-latching mechanism of the vehicle's right front passenger door was responsible for Rewa's accident. The cases were tried for seven days before the jury. Expert testimony concerning the construction and operation of the door-latching mechanism in question was introduced, and a model of the mechanism and the door latch in suit were marked and received as exhibits. Counsel for the parties made extensive use of these exhibits in demonstrations to the jury, in which various tools were utilized to experiment upon the exhibits.

The primary defenses to plaintiffs' claim of liability were that the door-latching mechanism was not defective and that George Brigham was responsible for his daughter's injuries by permitting her to remain unrestrained in the front-passenger seat of the vehicle. Near the close of defense counsel's argument to the jury, he stated:

> The fault, if any is to be found in this whole circumstance, really lies with Mr. Brigham for allowing Rewa to ride in the front seat of the car in the position where she could so very easily open that front door and that if there is any negligence in all the circumstances surrounding this accident, that's where it lies. I predict to you in the event you bring in a verdict for the defendant in this case, which is what you should do, that there will be a suit instituted by Mrs. Brigham as mother and next friend, against. . . .

Plaintiffs objected to this argument and moved for a mistrial. The court denied plaintiffs' motion at that time and instructed the jury to disregard counsel's statement.

During the course of the jury's deliberations it came to the attention of the court and counsel that the bailiff had brought three screwdrivers and a wrench, used at trial to experiment on the exhibits but not themselves in evidence, into the jury room. Based on this information, plaintiffs again moved for a mistrial. The trial court reserved decision on this motion. After the jury returned with verdicts for the defendant in both actions, the court questioned the jurors as to the use of the tools. The foreman indicated that the tools had not been used, but in response to questioning whether any of the jurors had used the tools in experimenting with the latch lock, Juror Sconsa stated "I did once." The other jurors indicated that they had observed Mr. Sconsa use the tools.

In a written order, dated December 31, 1975, the court granted the plaintiffs' motion for a mistrial on the basis of both juror misconduct and improper argument to the jury. The court denied the defendant's motion to recall Juror Sconsa to interrogate him further concerning the use of the tools. Following this order, counsel for the defendant filed a motion seeking reconsideration of the court's decision not to question Juror Sconsa. Counsel filed an affidavit in support thereof describing a chance encounter between defense counsel and Juror Sconsa in which the juror stated that he did not use the tools to experiment on any of the exhibits. This motion was denied by the court on March 23, 1976.

Two issues are presented by the parties' exceptions. The first is whether the trial court erred in granting plaintiffs' motion for a mistrial.

Plaintiffs argue that the action of the trial court is not reveiwable at this time because the court's declaration of a mistrial is not a final judgment from which defendant can appeal. This argument is without merit. We may review questions of law raised by a party's exceptions in advance of final judgment under RSA 490:9. Therefore questions of law raised by a party's exceptions to the trial court's declaration of a mistrial or a new trial may be transferred to this court for determination in advance of a new trial. *See Mitchell v. Dover*, 98 N.H. 285, 99 A.2d 409 (1953); *Eichel v. Payeur*, 107 N.H. 194, 219 A.2d 287 (1966); *Hayes v. State*, 109 N.H. 353, 252 A.2d 431 (1969); *LeClerc v. Gray*, 112 N.H. 430, 298 A.2d 116 (1972); *Faust v. General Motors Corp.*, 117 N.H. 679, 377 A.2d 885 (1977).

The court's order granting a mistrial after verdict was equivalent to an order setting aside the verdicts and ordering a new trial. In such a case the scope of our reveiw is well settled. "[T]he matter of granting a new trial lies within the discretion of the trial court," *Heath v. Joyce*, 114 N.H. 620, 622, 326 A.2d 260, 261 (1974), and the court's decision will not be overturned except for an abuse of discretion. *See Hayes v. State*, 109 N.H. 353, 252 A.2d 431 (1969); *Perreault v. Lyons*, 99 N.H. 169, 106 A.2d 380 (1954).

We hold that to the extent the court relied upon a finding that there had been improper and prejudicial argument to the jury sufficient to warrant the declaration of a mistrial, it did not abuse its discretion. To the extent that the court, in granting a mistrial, relied on a finding that there had been juror misconduct, however, it erred. Because the court relied on a "compounding" of both incidents in its

decision to grant a mistrial, this case must be remanded for the court to exercise its discretion without reliance on the latter ground.

Counsel's remark to the jurors during argument that "I predict to you in the event you bring in a verdict for the defendant in this case, which is what you should do, that there will be a suit instituted by Mrs. Brigham as mother and next friend, against. . . ." was improper. The prediction of a forthcoming suit by Mrs. Brigham against the father added nothing to the argument already made that the father was solely responsible for this accident, but could have had two effects upon the jury, both of which were improper. The statement could serve to inform the jury that Rewa Brigham would have another opportunity to recover for these same injuries against the father, i.e., that there was another pocket available. On this ground the statement was objectionable because irrelevant to every issue in the case and prejudicial. *See Story v. Concord and Montreal R.R.*, 70 N.H. 364, 386–87, 48 A. 288, 295–96 (1900). The principle applicable here is analogous to that involving an improper disclosure to the jury of insurance.

> The courts carefully guard against the improper disclosures to the jury that a defendant is insured. . . . It is thought that if jurors know the defendant will not have to personally pay, they will more readily find him liable and fix the damages at a higher figure. Here we have the converse situation. Where the jury is led to believe that the plaintiff has another chance to recover from [another] for this same injury, and are told he will surely do so, . . . they might desire to cast the entire burden of damages upon the [other] who, in their view, might be able to pay, or more culpable than the defendant before them.

*Sisk v. Ball*, 91 Ariz. 239, 246, 371 P.2d 594, 598 (1962); *see Angelowitz v. Nolet*, 103 N.H. 347, 172 A.2d 103 (1961); *Piechuck v. Magusiak*, 82 N.H. 429, 135 A. 534 (1926).

Counsel's statement could also have had the effect of implying that Mrs. Brigham agreed with the defendant's assessment of the case that Mr. Brigham was responsible for this accident. The statement was therefore objectionable because unsupported by any competent evidence in the case.

> The statement in argument of material matters which are not in proof, or an attack upon the opposite party based upon other than the facts in the case and the conclusions

legitimately deducible from the law applicable thereto, are . . . erroneous.

*Story v. Concord & Montreal R.R.*, 70 N.H. at 376, 48 A. at 292; *see Carbone v. Boston and Maine R.R.*, 89 N.H. 12, 192 A. 858 (1937); *Piper v. Boston & Maine R.R.*, 75 N.H. 228, 72 A. 1024 (1909).

The case of *Bellavance v. Nashua Aviation and Supply Co.*, 99 N.H. 10, 104 A.2d 882 (1954) is inapposite. In that case the plaintiff had commenced a subsequent suit against another defendant which revealed a position inconsistent with the plaintiff's claims at trial. Here, the plaintiff did not make any statement or take any action which could qualify as competent evidence furnishing grounds for argument. The court therefore properly ruled that the remarks of counsel were objectionable.

Nor would it have been an abuse of discretion for the court to have ordered a mistrial on the basis of counsel's argument alone. The fact that the court originally denied the plaintiffs' motion for a mistrial based on this ground and instructed the jury to disregard the statement did not prevent the court from declaring a mistrial on the basis of this argument once plaintiffs had renewed their motion after verdict. In some instances improper argument may be cured by instructions to the jury, but in other cases it may be concluded that, notwithstanding the court's instructions, prejudice must have been occasioned to the complaining party. *See Wilcomb v. Duston*, 82 N.H. 180, 131 A. 596 (1926); *Palmer v. Dimick*, 77 N.H. 565, 94 A. 268 (1915). This is peculiarly a question of fact for the justice who presided at the trial. *Heath v. Joyce*, 114 N.H. 620, 623, 326 A.2d 260, 262 (1974); *Wilcomb v. Duston*, 82 N.H. at 181, 131 A. at 597. The prediction by counsel of a forthcoming suit against the father, having the effect of putting before the jury irrelevant and prejudicial matters upon which there was no competent evidence, by itself, could be sufficient ground for the court to exercise its discretion to set aside the verdicts and order a new trial. *See Heath v. Joyce supra; Hayes v. State*, 109 N.H. 353, 252 A.2d 431 (1969); *Story v. Concord & Montreal R.R.*, 70 N.H. 364, 48 A. 288 (1900); *Mason v. Knox*, 66 N.H. 545, 27 A. 305 (1891); 58 Am. Jur. 2d *New Trial* § 70 (1971). The court, however, relied on a "compounding" of both defense counsel's argument to the jury and alleged juror misconduct as the basis for granting the plaintiffs' motion for mistrial. We think that this was error.

"It is a fundamental rule that jurors may not receive evidence out of court, and therefore, insofar as alleged tests or experiments carried out

by the jury during deliberations have the effect of introducing new evidence out of the presence of the court and parties, such tests and experiments are improper and, if the new evidence in question has a substantial effect on the verdict, prejudicial." Annot., 95 A.L.R.2d 351, 355 (1964).

In this case, when it came to the attention of the court that the tools that had been used to experiment on the exhibits had been brought to the jury without the knowledge of the court or counsel, the court was charged with the duty of ascertaining whether the tools were used by the jurors to experiment with the exhibits, whether such experiments put the jurors in possession of evidence not offered at trial, and whether any prejudice resulted to the plaintiffs. Annot., 95 A.L.R.2d at 355; 75 Am. Jur. 2d *Trial*, § 991, at 833 (1974); C. McCormick, Law of Evidence § 217, at 539, 542 (2d ed. 1972); *see Blodgett v. Park*, 76 N.H. 435, 438, 84 A. 42, 44 (1912). Juror Sconsa's statement that he had used the tools once, while sufficient to sustain a finding that there had been juror experimentation, afforded no basis for finding that this experimentation had the effect of putting the jury in possession of any evidence not offered at trial, or that the experimentation in any manner prejudiced the plaintiffs' case. There was no other evidence in the case to support such findings. To the contrary, the evidence adduced at trial indicates that the jury had already been exposed to extensive experimentation and demonstrations upon the door latch in question through the use of these tools.

> [E]xperiments which are merely reruns of in-court experiments, or which use techniques of examination not markedly different from those employed during trial are not generally held to fall within the proscribed class.

C. McCormick, Law of Evidence § 217, at 542 (2d ed. 1972); *see Taylor v. Reo Motors, Inc.*, 275 F.2d 699 (10th Cir. 1960).

■ The court did not inquire as to the nature and extent of the juror's use of these tools, denying the defendant's motion to question Juror Sconsa further concerning the use of the tools. There was no other evidence from which the court could find that the jury came into possession of new evidence or that the jury's use of the tools in any manner influenced its decision or prejudiced the plaintiffs. Under these circumstances it was an abuse of discretion for the trial court to rely on this incident as a basis for declaring a mistrial. *See Bothwick v. Labelle*, 115 N.H. 279, 339 A.2d (1975); *Caldwell v. Yeatman*, 91 N.H. 150, 15 A.2d 252 (1940). The case must therefore

be remanded so that the court can exercise its discretion either to grant a mistrial on the basis of counsel's argument alone or to deny plaintiffs' motion based on this ground. *Reynolds v. Boston & Maine Transp. Co*, 98 N.H. 251, 98 A.2d 157 (1953); *Perreault v. Lyons*, 98 N.H. 317, 99 A.2d 916 (1953).

 The second issue presented is the applicability of the doctrine of strict liability in tort to one engaged in the business of selling used vehicles. A majority of the court is not prepared to extend the doctrine in these circumstances.

*Remanded.*

LAMPRON, C.J., did not sit; the others concurred.