Hillsborough
No. 80-052

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL E. WELCH

October 2, 1980

*Gregory H. Smith*, acting attorney general (*David L. Harrigan*, assistant attorney general, orally), for the State.

*Emile R. Bussiere* and *Richard J. Walsh*, of Manchester (*Mr. Walsh* orally), for the defendant.

DOUGLAS, J. The issue in this driving-under-the-influence case is whether it was error not to grant a mistrial because of an unresponsive answer of a State's witness. We reverse.

At this twenty-three-year-old defendant's trial by jury for operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262-A:62, there was evidence that a breathalyzer test showed a reading of 0.26%. A videotape taken at the police station apparently showed that the defendant performed well in so-called sobriety tests. The Trial Court (*Wyman*, J.) asked Police Officer Tanguay, a State's witness, how he could reconcile the defendant's performance on videotape with the breathalyzer reading. After a noncontroversial response, the court next asked:

"Is there anything wrong with the machine in your opinion?" The officer began with a proper response but then volunteered a nonresponsive addition:

"No, your Honor. Nothing wrong with the machine. I'd

say he has a high tolerance; he's a heavy drinker, possibly an alcoholic in my opinion."

The defendant moved for a mistrial, which the court denied. The trial court ordered the answer stricken and later instructed the jury to disregard it.

■ There is no doubt that in this jurisdiction a lay witness may express an opinion as to a person's intoxication. *State v. Arsenault*, 115 N.H. 109, 111, 336 A.2d 244, 245 (1975); *State v. Pike*, 49 N.H. 399, 407 (1870). In the instant case, however, the officer had already testified that, despite the defendant's success in the sobriety tests, it was his opinion that the defendant was under the influence of alcohol. The later comment, in response to the court's question, that the defendant was "a heavy drinker" and "possibly an alcoholic" included facts not in evidence or reasonably to be inferred from the trial testimony. They lacked any foundation or support and were properly stricken by the trial judge.

■ In this State the test for determining in a criminal case whether error can be harmless is "whether it can be said beyond a reasonable doubt that the inadmissible evidence did not affect the verdict." *State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976); *State v. LaBranche*, 118 N.H. 176, 179, 385 A.2d 108, 110 (1978). The reason for our rule is that "[a]n appellate tribunal cannot read the jury's mind or speculate on the result that would have been obtained had not this improper evidence been put on the scale against the defendant." *State v. LaBranche, supra* at 179, 385 A.2d at 110.

■ The prejudice to the defendant adheres because this case involved a charge of driving while intoxicated and not some offense unrelated to the defendant's use of alcohol. While this was not an error caused by the prosecutor, the failure of the judge to declare a mistrial cannot fairly be sustained. *See State v. Scarlett*, 118 N.H. 904, 395 A.2d 1244 (1978). Although the court was diligent to focus the issue for the jury, we cannot find beyond a reasonable doubt that the stricken response had no prejudicial effect on the jury.

*Reversed; remanded for new trial.*

GRIMES, C.J., and BOIS, J., dissented; the others concurred.

GRIMES, C.J., dissenting: The defendant was being tried by jury on a charge of operating a motor vehicle while under the influence

of intoxicating liquor in violation of RSA 262-A:62. There was evidence introduced by agreement that a breathalyzer test showed a reading of 0.26%. A videotape taken at the police station apparently showed that the defendant performed well in so-called sobriety tests. The trial judge asked police officer Tanguay, a State's witness, how he could reconcile the defendant's performance on videotape with the breathalyzer reading and if there was anything wrong with the breathalyzer machine. The officer responded that there was nothing wrong with the machine but, in his opinion, the defendant had a high tolerance for alcohol and was a heavy drinker, possibly an alcoholic. The defendant moved for a mistrial which was denied by the court, who instructed the jury to disregard the answer, which was stricken.

I fail to see how the answer was so prejudicial that the instruction could not cure any possible harm. The question by the trial court was not improper, see State v. White, 91 N.H. 109, 14 A.2d 253 (1930); State v. Davis, 83 N.H. 435, 144 A. 124 (1928), nor is judicial overreaching involved. The answer could in fact be considered helpful to the defendant. His main, if not his only, defense in view of the high breathalyzer reading was that he was not in fact influenced by alcohol as shown by his performance in the sobriety tests. The test for being under the influence of intoxicating liquor is whether the reflexes and other functions of the defendant have been adversely affected. See State v. Arsenault, 115 N.H. 109, 336 A.2d 244 (1975). Blood alcohol is simply evidence of intoxication. But evidence that a person has a high tolerance for alcohol would permit the jury to give greater weight to the evidence of a good performance in the sobriety tests and reduce the weight to be given the breathalyzer test and could therefore lead to a finding of no influence in spite of a high blood alcohol reading.

Moreover, the officer stated that from his experience a person who has high tolerance for alcohol can have a high alcohol intake and yet not have his reflexes and other physical abilities affected— in other words, not be under the influence.

I am not convinced that there was any prejudice that was not removed by the instruction to disregard the answer and conclude that there was no error in the denial of the mistrial, which itself constitutes a finding of no prejudice. See State v. Snow, 98 N.H. 1, 93 A.2d 831 (1953); State v. Hale, 85 N.H. 403, 160 A. 95 (1932). The trial court was in a better position than we to decide whether its instruction cured any possible prejudice. Brigham v. Hudson Motors, Inc., 118 N.H. 590, 595, 392 A.2d 130, 134 (1978); Heath v. Joyce, 114 N.H. 620, 623, 326 A.2d 260, 262 (1974); Wilcomb v.

*Duston*, 82 N.H. 180, 181, 131 A. 596, 597 (1926); *see State v. Arthur*, 118 N.H. 561, 564, 391 A.2d 884, 886 (1978).

BOIS, J., joins in this dissent.