Hillsborough
No. 81-192

### THE STATE OF NEW HAMPSHIRE

v.

### SUSAN HUGHES

September 8, 1982

*Gregory H. Smith*, attorney general (*Michael A. Pignatelli*, assistant attorney general, on the brief and orally), for the State.

*Robert J. Lang*, of Manchester and *James E. Duggan*, appellate defender, of Concord (*Mr. Lang* on the brief and *Mr. Duggan* orally), for the defendant.

BROCK, J. The sole issue on this appeal from a conviction for attempt to obtain a controlled drug by fraud, in violation of RSA 318-B:20, is whether a State's witness' testimonial reference to information which the State was ordered not to introduce at trial, pursuant to the defendant's motion in limine, so prejudiced the defendant as to require that the trial court declare a mistrial. We affirm.

On June 22, 1980, the defendant Susan Hughes was admitted to a New London, New Hampshire hospital after complaining of severe headaches and vomiting. She was diagnosed and medicated by a Dr. Catino, who gave her one prescription. The next day, a man and a woman attempted to fill four prescriptions from Dr. Catino at a Manchester, New Hampshire pharmacy. Because the pharmacist thought the prescriptions were unusual, he called Dr. Catino who said that the prescriptions were forgeries. The prescriptions had been written on Dr. Catino's prescription forms, which were similar to those he kept in the hospital emergency room and bore his forged signature. The defendant was charged with attempt to obtain a controlled drug by fraud in violation of RSA 318-B:20. Because the pharmacist and his clerk could not clearly identify the defendant as the woman who entered the pharmacy and attempted to fill the prescription, the State presented circumstantial evidence to establish the defendant's guilt. The defendant took the stand on her own behalf, and testified on direct and cross-examination about her medical background, her extensive history of illness, and familiarity with prescriptions. The jury returned a verdict of guilty.

In advance of trial, the defendant filed a motion in limine, requesting a protective order against the introduction of evidence of "any psychiatric or psychological treatment or involuntary stay at a mental health facility, of or by the defendant. . . ." The State did not object, and the motion was granted.

A police officer was called by the State to testify about the interview he had had with the defendant a few days after the incident at the pharmacy. He testified that the defendant denied having taken any of Dr. Catino's blank prescription slips, but that she thought Raymond Boynton, the man who allegedly accompanied her into the emergency room, had taken the prescription slips. The

prosecutor then asked his witness whether any efforts had been made to locate Boynton. In the course of his answer to this question, the police officer mentioned that the defendant had told him that she thought "she had met [Boynton] in the State Hospital." Defense counsel immediately moved for a mistrial because the testimony indicating the defendant's presence at the State Hospital was put before the jury, in violation of the pre-trial order. The Trial Court (*Dalianis*, J.) denied the motion and noted the defendant's exception. Thereafter, the prosecutor avoided further questions on this subject.

The defendant claims that the trial court erred in denying her motion for mistrial on the ground that the inadmissible evidence introduced by the State was extremely prejudicial to the defendant and did not constitute harmless error. Although we agree with the defendant that the witness' reference to the defendant's presence in the State Hospital violated the order which precluded potentially prejudicial evidence from being introduced, we conclude that the trial court did not err when it denied the defendant's request for a mistrial.

■ In deciding whether reference to inadmissible testimony before the jury was harmless error, we must determine whether it can be found beyond a reasonable doubt that the fact improperly before the jury did not affect the verdict. *State v. Staples*, 121 N.H. 959, 962, 437 A.2d 266, 267 (1981); *State v. Welch*, 120 N.H. 687, 688, 421 A.2d 142, 142–43 (1980); *State v. Scarlett*, 118 N.H. 904, 906, 907, 395 A.2d 1244, 1246, 1247 (1978); *see also State v. Thresher*, 122 N.H. 63, 72, 442 A.2d 578, 583 (1982).

■ The defendant argues that the jury might have inferred from the police officer's remark that the defendant was mentally disturbed and therefore not credible, and could even have speculated that she had been in the State Hospital for other criminal convictions. Even if we were to assume that the jury made those inferences, in the context of this case and on the evidence properly before the jury, we would not find sufficient prejudice to require the declaration of a mistrial. *Cf. State v. Welch*, 120 N.H. at 688, 421 A.2d at 142–43; *State v. LaBranche*, 118 N.H. 176, 179–80, 385 A.2d 108, 110 (1978). The defendant herself testified extensively about her long history of medical problems. Furthermore, the inadmissible testimonial fact was sufficiently unrelated to the criminal charge to support the trial court's denial of a mistrial. *Cf. State v. Welch*, 120 N.H. at 688, 421 A.2d at 143; *State v. LaBranche*, 118 N.H. at 180, 385 A.2d at 110.

■ Although we believe that the testimonial reference to an

784

inadmissible fact was harmless beyond a reasonable doubt in this case, we would nevertheless caution prosecutors to take all such steps as are necessary to prepare their witnesses in advance of trial to prevent the presentation, in the presence of a jury, of facts excluded by pretrial order. *See State v. Preston*, 121 N.H. 147, 151, 427 A.2d 32, 34 (1981).

*Affirmed.*

All concurred.