Strafford
No. 82-002

## ROBERT CROTEAU & a.

v.

## JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

May 9, 1983

*Fisher, Moran, Willoughby, Clancy & White*, of Dover (*Edward T. Clancy* on the brief and orally), for the plaintiffs.

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Stephen E. Gaige* on the brief and orally), for the defendant.

BROCK, J.  The issue in this case is whether the Trial Court (*Goode*, J.) properly granted a motion to set aside the verdict and for a new trial, after a jury had returned a verdict in the amount of $20,000 for the plaintiffs. We affirm.

In October 1978, Mary R. Croteau, the plaintiffs' daughter, who was operating a motor vehicle, was killed in an accident in Barrington. Mary Croteau was insured by the defendant John Hancock Mutual Life Insurance Company under a policy providing $20,000 in benefits for accidental death. Her parents were the beneficiaries.

The insurance policy contained an exclusion precluding benefits where death resulted "directly or indirectly, or wholly or partially" from:

> "the entry into the body, in any manner or nature whatever, and whether due to a voluntary, involuntary or other act of the Insured, of any intoxicant, excitant or hallucinogen, or of any narcotic or other drug, or, except involuntarily in the course of employment, of any gas, poison or poisonous substance."

Relying on this exclusion, John Hancock refused to pay the accidental death benefit to the plaintiffs, claiming that the accident and death of the decedent, who had a blood alcohol content of .19 at the time of her death, resulted from her intoxication.

The plaintiffs brought suit and the matter was tried before a jury in superior court. The defendant presented witnesses and evidence in support of its claim that Mary Croteau's death resulted from intoxication. The plaintiffs called witnesses and presented evidence in support of essentially two claims: (1) that the exclusion at issue

did not apply at all because Mary Croteau "reasonably expected" that the benefits would be payable in the event of her accidental death, without limitation; and (2) that Mary Croteau was not intoxicated at the time of the accident and that her death was not caused by intoxication.

Over the defendant's objection and exception, counsel for the plaintiffs stated in closing argument, *inter alia*, that "[t]here is a doctrine of law where an insurance policy is not read, the insured is entitled to rely upon her understanding of what the benefits are, despite the fact that the policy may contain language to the contrary." In its charge to the jury, the trial court said: "The test to be applied in construing the language of an insurance policy is not what the insurer, who authors that policy intends its words to mean, but rather what a reasonable person in the position of the insured Mary Croteau would have understood those words to mean." The trial court also stated that "[a] verdict in favor of the plaintiffs . . . is in effect, a finding by the jury . . . that the exclusion dealing with consuming intoxicants does not apply in this case."

The defendant took exceptions to these and other portions of the court's instructions to the jury and opposing counsel's final argument. The defendant also excepted to the denial of several of its requested jury instructions, in which it had asked the court to instruct the jury that the exclusion at issue was clear and unambiguous as a matter of law, and therefore applied to the case regardless of the decedent's possible expectations.

During its deliberations, the jury sent out a question as to whether the law on the interpretation of reasonable expectations was the same as it had been in 1976, when the insurance contract was signed. Later, the jury also requested that the court's charge be repeated. After the jury returned a $20,000 verdict for the plaintiffs, the defendant filed a motion for judgment notwithstanding the verdict and a motion to set aside the verdict and for a new trial.

In these motions, the defendant contended: (1) that the arguments made by the plaintiffs' counsel relating to the decedent's so-called "reasonable expectations" confused and misled the jury on an issue of law, a problem which the trial court's allegedly erroneous instructions compounded; (2) that other statements by counsel for the plaintiffs, including the improper statement that the defendant was a "rich and powerful company," prejudiced the jury; and (3) that the verdict was against the weight of the evidence and should be set aside.

The trial court granted the motion to set aside the verdict and for a new trial, and later, upon request of counsel, indicated specifically that the preceding arguments were the grounds for its decision.

■ Our review of the trial transcript convinces us that the trial court properly set aside the verdict in this case, and we will not overturn its decision on appeal. *Brigham v. Hudson Motors, Inc.*, 118 N.H. 590, 593–95, 392 A.2d 130, 133–34 (1978) (decision to set aside verdict and grant new trial lies within discretion of trial judge and will not be overturned absent abuse of discretion; improper argument by counsel alone may be sufficient grounds); *see Gowen v. Brothers*, 121 N.H. 377, 381, 430 A.2d 159, 161 (1981). We note specifically that it was a clear misstatement of the law for plaintiffs' counsel to argue that the exclusion at issue, a standard one in such life insurance contracts, *see* Annot., 13 A.L.R.2d 987, 989 (1950), did not apply if the decedent had not read the policy and therefore believed that there were no exclusions, and that it was plain error for the court to instruct the jury that it might find the exclusion inapplicable.

■■ The specific expectations of the insured in this case were relevant only if the exclusion was found to be ambiguous, a finding which was for the determination of the court, *Hanover Ins. Co. v. Grondin*, 119 N.H. 394, 397, 402 A.2d 174, 176 (1979); or if the plaintiffs proved that, notwithstanding the clear and unambiguous nature of the clause, the parties' prior dealings led "the insured to form a reasonable belief that the policy provided . . . [her] the claimed coverage. . . ." *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 763, 435 A.2d 507, 509 (1981) (quoting *Grimes v. Concord Gen'l Mut. Ins. Co.*, 120 N.H. 718, 722, 422 A.2d 1312, 1315 (1980)). The obligation of an insured to read an insurance policy is not obviated unless the policy "is so constructed that a reasonable man in the position of the insured would not attempt to read it. . . ." *Continental Ins. Co. v. Seppala & Aho Const. Co., Inc.*, 121 N.H. 374, 376, 430 A.2d 157, 159 (1981) (quoting *Storms v. U.S. Fidelity & Guar. Co.*, 118 N.H. 427, 430, 388 A.2d 578, 580 (1978)).

■ The plaintiffs' claims that the trial court could not grant the motion to set aside the verdict and for a new trial where it had previously denied the defendant's motion for a directed verdict, or where the defendant had not moved for a mistrial at the close of the plaintiffs' presentation of their case, are entirely lacking in merit, *see generally Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 495–96, 389 A.2d 429, 431–32 (1978), as is their argument that the trial court did not adequately indicate the basis of its decision to grant the motion to set aside the verdict.

■ As a final matter, although we caution the plaintiffs' trial counsel against repeating the improper remarks he made in closing

argument, should this case be retried, we do not believe that this appeal was so frivolous as to warrant an award of attorney's fees.

*Affirmed.*

All concurred.