Belknap
No. 82-513

THE STATE OF NEW HAMPSHIRE

v.

PAUL R. MARCOTTE

October 5, 1983

62

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief, and *Edna Conway,* attorney, orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

KING, C.J. The defendant appeals his conviction of operating a motor vehicle after being ordered not to do so following his adjudication as an habitual offender.

On July 27, 1981, Laconia police officer Gary Kitching observed the defendant, Paul R. Marcotte, operating an automobile in Laconia. Officer Kitching recognized the defendant, and he knew that the name "Paul Marcotte" was included in a list of people whose driver's licenses had been revoked or suspended. Officer Kitching stopped the vehicle and arrested the defendant.

The defendant was indicted for operating a motor vehicle after being ordered not to do so as a result of his adjudication as an habitual offender. *See* Laws 1973, 584:5. At trial, the State attempted to introduce a certified copy of the defendant's motor vehicle record. The defendant objected to the introduction of the record on the ground that it was irrelevant and prejudicial because the record showed that the defendant had been convicted of a number of other traffic offenses. The Trial Court (*Cann,* J.) agreed that the record was prejudicial, but permitted Officer Kitching to testify that the motor vehicle record showed that Paul Marcotte was an habitual offender and that his privilege to operate a motor vehicle had not

been restored on the date of the incident. The defendant objected and excepted to the admission of this testimony on the ground that it was hearsay, and that it denied the defendant his right of confrontation.

Officer Kitching was the only witness to testify for the State and, at the completion of his testimony, the State rested its case. The defendant was convicted of the charge, and he appealed.

On appeal, the defendant challenges the admission of Officer Kitching's testimony regarding his status as an habitual offender. We reverse and remand for a new trial.

To establish that the defendant violated Laws 1973, 584:5, the State was required to prove that the defendant operated a motor vehicle while the order which prohibited him from driving remained in effect. To prove that the order remained in effect, the State introduced the testimony of Officer Kitching regarding the defendant's habitual offender status, over the objection and exception of the defendant. The defendant claims that Officer Kitching's testimony about the defendant's motor vehicle record was hearsay. The State argues that we should uphold the trial court's admission of this testimony because the testimony was only admitted after the court denied the admission of the defendant's motor vehicle record as prejudicial.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement, *Caledonia, Inc. v. Trainor*, 123 N.H. 116, 121, 459 A.2d 613, 616 (1983), and is generally inadmissible unless it falls within one of the many exceptions which provide for admissibility. *See Town of Weare v. Paquette*, 121 N.H. 653, 658–59, 434 A.2d 591, 595–96 (1981). A common-law exception to the hearsay rule exists which provides for the admissibility of an official record made by a public officer in the course of his public duties in order to prove any fact required by law to be reported. *Abbott v. Insurance Co.*, 89 N.H. 149, 152, 195 A. 413, 415 (1937). The basis of the official record exception is that when it is the duty of a public officer to make a statement as to a fact coming within his official cognizance, the great probability is that he does his duty and makes a correct statement. 5 WIGMORE ON EVIDENCE § 1632, at 618 (1974).

Under the habitual offender statute, the clerk of court was required to file with the Division of Motor Vehicles a copy of the court order revoking the habitual offender's license. *See* Laws 1973, 584:4. The Director of the Division of Motor Vehicles was required by statute to keep a record of all license revocations. *See* Laws 1929, 55:1. Accordingly, the Division of Motor Vehicles record of a license

revocation after an individual's adjudication as an habitual offender would fall within the hearsay exception for official records. In addition, the legislature provided that a certified copy of such a record is admissible to the same extent as the division's original record. *Id.*

It is clear therefore that the certified copy of the defendant's motor vehicle record was not inadmissible on hearsay grounds. The trial court did not exclude the record, however, because it was hearsay, but rather on the ground that it was prejudicial. As a result, the State introduced the testimony of Officer Kitching regarding the motor vehicle record.

Officer Kitching's testimony that the defendant's motor vehicle record showed that he had been adjudicated an habitual offender and that his privilege to operate a motor vehicle had not been restored was inadmissible hearsay, however. Officer Kitching testified as to an out-of-court statement, the motor vehicle record. This testimony was offered by the State to prove the defendant's habitual offender status. While the official record exception permitted the admission of Paul Marcotte's motor vehicle record, it did not permit Officer Kitching's testimony about the substance of the record.

The State contends that, even if we determine that Officer Kitching's testimony was hearsay, we should hold that it was admissible because it falls within the "catchall" exception to the hearsay rule. In order for hearsay to be admissible under the "catchall" exception, "[t]here must be a greater or less[er] degree of necessity for the admission of the evidence, and the circumstances must be such as to guarantee that the statements are fairly trustworthy." *Caledonia, Inc. v. Trainor*, 123 N.H. at 121, 459 A.2d at 616 (citation omitted).

In the instant case, there was no necessity for the admission of Officer Kitching's testimony. When the court held that admission of the defendant's entire motor vehicle record would be prejudicial, the State could have introduced only that part of the motor vehicle record showing the defendant's status as an habitual offender, and excised those portions showing other traffic convictions. It should not have chosen to rely on inadmissible hearsay. Because we find that the necessity requirement was not met in this case, we need not determine whether the circumstances of Officer Kitching's testimony guarantee that the statements were trustworthy.

For these reasons, we hold that the court erred in admitting the testimony of Officer Kitching as to the defendant's habitual offender status. The burden of establishing that error in a criminal

proceeding is harmless beyond a reasonable doubt rests upon the State. *State v. Bushey*, 122 N.H. 995, 1000, 453 A.2d 1265, 1268 (1982). The State must show that the fact improperly before the jury did not affect the verdict. *State v. Hughes*, 122 N.H. 781, 783, 451 A.2d 372, 374 (1982). Because Officer Kitching's testimony as to the defendant's habitual offender status was the only evidence introduced by the State to show that the defendant's license had been revoked, this error was not harmless. Accordingly, we reverse and remand for a new trial.

We need not address the defendant's remaining arguments.

*Reversed and remanded.*

SOUTER, J., did not sit; the others concurred.