Collins v. Tool Exchange, et al.      CV-01-302-M    05/08/02

                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Thomas A. Collins, Jr.
and Diane M. Collins,
      Plaintiffs

      v.                                    Civil No. 01-302-M
                                            Opinion No. 2002 DNH 091
The Tool Exchange LLC
and Black and Decker, Inc.,
      Defendant(s)


                           **O R D E R**


      Plaintiffs have sued in six counts to recover for damages

allegedly suffered as a result of injuries that Thomas Collins

sustained while operating a used Black & Decker miter saw he

purchased from The Tool Exchange LLC ("The Tool Exchange").

Before the court is The Tool Exchange's motion to dismiss those

portions of plaintiffs' complaint that assert claims against it

based upon a theory of strict product liability.  Plaintiffs

object.  For the reasons given below, The Tool Exchange's motion

to dismiss is granted.


      According to plaintiffs' complaint, Thomas Collins was

injured while operating a miter saw manufactured by Black &

Decker and sold to him, used, by The Tool Exchange. The Tool Exchange argues that, as a matter of law, it cannot be held liable to plaintiffs under a theory of strict liability.[1] In New Hampshire, the seller of a used power tool cannot be held liable under a theory of strict liability. See Brigham v. Hudson Motors, Inc., 118 N.H. 590, 597 (1978) (declining to extend "the doctrine of strict liability in tort to one engaged in the business of selling used vehicles"). Thus, The Tool Exchange is entitled to the relief it seeks: dismissal of those portions of plaintiffs' complaint that assert claims against it based upon a theory of strict liability.

Many of the counts in the complaint appear to assert multiple theories of recovery against multiple defendants, based upon multiple sets of facts. Because the complaint is not drafted with precision and is broadly worded, identifying in fact

---

[1] Rather than challenge the legal basis of The Tool Exchange's motion to dismiss, plaintiffs simply point to various theories of recovery, other than strict liability, that are asserted in their complaint. However, The Tool Exchange does not challenge those assertions, nor has it moved to dismiss all of plaintiffs' claims. The Tool Exchange argues only that it may not be held liable under a theory of strict liability, and moves the court to dismiss just those parts of the complaint asserting that theory of recovery.

what parts of what counts are dismissed is difficult. Accordingly, plaintiffs shall, within thirty days of the date of this order, file and serve on defendants an amended complaint that plainly sets forth, in a more organized way, specific theories of recovery against specific defendants based on identified factual assertions, so that defendants may have fair notice as to what they must defend against.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 8, 2002

cc: Edwinna C. Vanderzanden, Esq.
William A. Mulvey, Jr., Esq.
Cynthia L. Fallon, Esq.